Joel Robert **SOOBITSKY** et al., Appellants,

v.

**CONTINENTAL TRAILWAYS TOURS,
INCORPORATED**, Appellee.

No. 6350.

Court of Civil Appeals of Texas,
El Paso.

Nov. 21, 1973.

James J. Crook, El Paso, for appellants.

C. B. Guy, Dallas, for appellee.

OPINION

OSBORN, Justice.

This is a venue case in which the trial Court sustained the Appellee's plea of priv-ilege to be sued in Dallas County, the place of its residence. We sustain the order of the trial Court.

The Appellants filed this suit in the District Court of El Paso County, seeking to recover damages for personal injuries which they alleged were sustained while passengers on a bus which overturned approximately 75 miles from Chihuahua City, Mexico. The Appellants further alleged that they had purchased their bus tickets in El Paso and were picked up in that city by a bus belonging to the Appellee for the trip to Mexico.

The Appellants filed their controverting plea alleging venue in El Paso County under the provisions of Subdivision 23, Article 1995, Tex.Rev.Civ.Stat.Ann. It was alleged in the controverting plea that having purchased their tickets for the bus trip in El Paso County that a part of the cause of action arose in the County where suit was filed.

The Appellants have not filed in this Court a statement of facts of the evidence presented at the plea of privilege hearing. Without a statement of facts it will be presumed the evidence was sufficient to support the judgment of the trial Court. Cunningham v. Fort Worth Pipe & Supply Company of Abilene, 384 S.W.2d 229 (Tex.Civ.App.—Fort Worth 1964, no writ).

The Appellants further contend that even without a statement of facts that their answers to interrogatories submitted to them by the Appellee, and a part of the transcript before this Court, are sufficient to make out a prima facie case on the issue of venue. A party's self-serving answers to interrogatories may be used only against the party answering the interrogatories, as provided for in Rule 168, Texas Rules Civil Procedure. Black v. Frank Paxton Lumber Company, 405 S.W.2d 412 (Tex. Civ.App.—Dallas 1966, writ ref'd n.r.e.); General Plywood Corporation v. Collins, 414 S.W.2d 224 (Tex.Civ.App.—Amarillo

1967, no writ). Thus, the Appellants are without any evidence before this Court to support their contention that the trial Court erroneously sustained the Appellee's plea of privilege.

The Appellants' point of error is overruled and the order of the trial Court transferring the case to Dallas County is affirmed.