Robert A. MARSHALL, Appellant,

v.

GOOD TIMES, INC., Appellee.

No. 17727.

Court of Civil Appeals of Texas, Fort Worth.

May 28, 1976.

Rehearing Denied June 18, 1976.

Thomas A. Melody, Dallas, and J. Dan Connelly, Arlington, for appellant.

William K. Rosenberry, Arlington, for appellee.

OPINION

BREWSTER, Justice.

This is an appeal from an interlocutory order overruling the appellant's motion to dissolve a temporary injunction.

To be considered first is a motion filed herein by appellee, Good Times, Inc., to dismiss the appeal for lack of jurisdiction.

We overrule the motion to dismiss the appeal.

The controlling facts are hereafter set out. The trial court granted a temporary injunction in favor of the appellee, Good Times, Inc., on September 19, 1975. On September 29, 1975, the appellant, Robert A. Marshall, filed in the trial court a motion that he called a "Motion for Rehearing and Motion to Dissolve Temporary Injunction." The relief therein prayed for was that he be granted a rehearing and that the temporary injunction granted against him on September 19, 1975, be set aside. The trial court overruled the motion to dissolve on October 9, 1975, and that order stated that the appellant gave notice of appeal from *that* ruling of the trial court. Cash in lieu of appeal bond was then filed on October 14, 1975, and appellant filed the transcript in this Court on October 29, 1975.

Rule 385, T. R. C. P., provides in substance that where an interlocutory decree is being appealed from, the appeal bond and the transcript must be filed within twenty days after rendition of the order appealed from. Timely filing of the appeal bond and transcript are jurisdictional requisites of an appeal from an interlocutory decree. *Walker v. Cleere,* 141 Tex. 550, 174 S.W.2d 956 (1943).

It is apparent that the appeal bond and transcript were both filed more than twenty days after the trial court granted the temporary injunction on September 19, 1975, but both of them were filed within twenty days after the trial court on October 9, 1975, overruled appellant's motion to dissolve the temporary injunction.

Appellee's motion to dismiss the appeal was based on the contention that the motion to dissolve the injunction that appellant had filed in the trial court was really no more than a motion for new trial and that appellant cannot legally extend the time in which to perfect an appeal from the

order granting the temporary injunction by filing a motion for new trial. Appellee's theory was that appellant had twenty days from September 19, 1975, in which to perfect its appeal from the order granting the injunction. Since this was not done appellee urges that this Court of Civil Appeals did not acquire jurisdiction of this appeal.

Appellant's position is that Rule 385(d), T. R. C. P., also authorizes an appeal from an order overruling a motion to dissolve a temporary injunction. Appellant contends that the order he is appealing in this case is the October 9, 1975, order that overruled his motion to dissolve the temporary injunction.

We hold that appellant did file his transcript and cash in lieu of an appeal bond in this case in time to perfect an appeal from the October 9, 1975, order overruling his motion to dissolve the temporary injunction, which appeal is authorized by Rule 385(d), T. R. C. P. It is an appeal from that order that has been perfected and that is now before the Court by virtue of this appeal. *Bobbitt v. Gordon,* 108 S.W.2d 234 (Tex.Civ.App., Beaumont, 1937, no writ hist.).

We also hold that appellant did not perfect an appeal to this Court from the trial court's September 19, 1975, order granting the temporary injunction for the reason that he did not file a transcript and appeal bond within twenty days from the date of that order as is required by Rule 385, T. R. C. P.

The remaining part of the opinion is devoted to the merits of the case.

This action was filed by Good Times, Inc., plaintiff, against Robert A. Marshall, the defendant, to obtain an injunction against Marshall enjoining him from allegedly breaching an employment contract by competing with the plaintiff and its subsidiaries. A temporary injunction was also sought by plaintiff against defendant to enjoin defendant from competing with the plaintiff and its subsidiaries during the pendency of the suit. A hearing held on September 15, 1975, resulted in the trial court granting a temporary injunction on September 19, 1975, temporarily enjoining Marshall during pendency of the suit from competing with plaintiff and its subsidiaries by doing the acts therein specified. This is not an appeal from the order granting the temporary injunction, but is an appeal from a later trial court order overruling a motion to dissolve the temporary injunction.

The law applicable to cases involving temporary injunctions and to appellate review of such cases is stated in *Janus Films, Inc. v. City of Fort Worth,* 163 Tex. 616, 358 S.W.2d 589 (1962) as follows: "In suits for temporary injunctions, the trial judge is endowed with broad discretion to grant or deny the injunction. *Railroad Commission v. Shell Oil Co.,* 146 Tex. 286, 206 S.W.2d 235. Accordingly, the scope of appellate review in such cases is limited to the narrow question of whether the action of the trial judge in granting or denying the temporary injunction constitutes a clear abuse of discretion."

To the same effect are *Texas Foundries v. International Moulders & F. Wkrs.,* 151 Tex. 239, 248 S.W.2d 460 (1952) and *Ben Wheeler Ind. Sch. Dist. v. County School Trustees,* 414 S.W.2d 477 (Tex.Civ.App., Tyler, 1967, ref., n. r. e.).

This appeal from the order overruling appellant's motion to dissolve the temporary injunction is also governed by the principles that are announced in the cases just cited. The determination of the question as to whether or not to dissolve the temporary injunction was a matter lying within the discretion of the trial court, and the scope of this appeal from the order of the trial court overruling the motion to dissolve the temporary injunction is also limited to the narrow question of whether the action of the trial judge in overruling the motion to dissolve the temporary injunction constituted an abuse of discretion.

The burden of proving that the trial court abused its discretion is on the one attacking that court's action. *Lipscomb v. Perry,* 100 Tex. 122, 96 S.W. 1069 (1906) and *Schroeder v. Brandon,* 141 Tex. 319, 172 S.W.2d 488 (1943).

In this case the appellant did not furnish this Court with a statement of facts that reflects any part of the proceedings that occurred at the October 9, 1975, hearing of the motion to dissolve the temporary injunction. We therefore do not know what any of the evidence was that was offered on that occasion.

■ In the absence of a statement of facts reflecting the proceedings that occurred or the evidence offered at the hearing of the motion to dissolve the temporary injunction, the Court of Civil Appeals is required to presume on appeal that the trial court's action in overruling the motion to dissolve the temporary injunction was not an abuse of the discretion vested in the trial court. *Ives v. Watson,* 521 S.W.2d 930 (Tex.Civ.App., Beaumont, 1975, ref., n. r. e.) and *Soobitsky v. Continental Trailways Tours, Inc.,* 502 S.W.2d 902 (Tex.Civ.App., El Paso, 1973, no writ hist.).

The record before us does contain a statement of facts filed in this Court on December 10, 1975, that reflects the evidence introduced at the September 15, 1975, hearing of the application for a temporary injunction that was granted on September 19, 1975. That, however, is not the order from which this appeal was perfected.

■ The evidence at the hearing of the application for temporary injunction showed that appellant had owned a business in California which he sold to appellee for $40,000.00. The purchaser planned to and later did move the business to Texas. In connection with the deal the appellant agreed to work in Texas as General Manager of one of appellee's subsidiaries. One provision of the employment contract was that: "As further consideration for this contract Employee covenants that he will not engage in any business or compete in any way either directly or indirectly with Employer or its divisions or subsidiaries including, but not limited to, the manufacture of seats, vans or recreational vehicles for a period of two years from termination of employment anywhere in the State of Texas."

The evidence further showed that in less than two years after he resigned from his job with the appellee he did engage in business in competition with his employer.

We also hold that the evidence presented at that hearing does not indicate that the trial court abused its discretion in overruling appellant's motion to dissolve the temporary injunction.

There are other reasons why we must sustain the trial court's ruling.

Appellant's brief makes this opening statement: "This is an appeal from a temporary injunctive order entered in favor of Appellee in which appeal the Appellant seeks to have this Court set aside the temporary injunction."

The statement just quoted is incorrect because the record shows that appellant did not file his appeal bond and transcript in 20 days after the temporary injunction order was rendered and signed. Therefore no appeal was perfected from that order.

Even so, the appellant's complete brief is handled as if this was an appeal from the order granting the temporary injunction.

He did file his cash in lieu of appeal bond and his transcript in time to perfect an appeal from the court's order overruling his motion to dissolve the temporary injunction. He did perfect an appeal to this Court from that order, and only from that order.

In appellant's brief he makes no complaint whatever about the ruling of the court that the appeal is taken from—that is the rendition of the order overruling the motion to dissolve the temporary injunction. For example, appellant's brief contains 5 points of error. In each of those points the appellant says that the error that he therein complains of is the action of the trial court in "rendering an injunctive order." He then in each of the various points urges a different reason why the trial court erred in "rendering an injunctive order."

As has been shown, the appellant did not perfect an appeal from the order wherein the temporary injunction was rendered.

We have considered and overrule each of the 5 points urged in appellant's brief.

The judgment is affirmed.