Rick TOBER, Appellant,

v.

TURNER OF TEXAS, INC., Appellee.

No. 13881.

Court of Appeals of Texas,
Austin.

March 14, 1984.

John L. Bates, Bates & Cates, Waco, for appellant.

Jeffrey M. Friedman, Friedman, Weddington, Hansen & Fisher, Austin, for appellee.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

PHILLIPS, Chief Justice.

Rick Tober appeals from the trial court's order overruling a motion to dissolve a temporary injunction.

We affirm that order.

Rick Tober was formerly employed by Turner of Texas, Inc. as a salesman of advertising specialty products. In September of 1982 Turner instituted this action against Tober. Turner contended that Tober had violated an agreement not to compete with Turner; Turner sought damages for prior breaches of the agreement as well as an injunction precluding future breaches. Tober lodged a counterclaim against Turner, seeking damages for Turner's alleged wrongful withholding of commissions earned by Tober.

On October 11, 1982, following an evidentiary hearing at which both Tober and Turner participated, the trial court signed an order which temporarily enjoined Tober from, *inter alia*, selling specialty advertising items within all of Travis County and the city limits of San Antonio, Dallas, Fort Worth, and Houston. On November 9, 1982 Turner filed a motion requesting that the trial court order Tober to appear and show cause as to why Tober should not be held in contempt. On November 16, 1982 Tober filed a motion captioned "Defendant's Response To Plaintiff's Motion To Show Cause; Defendant's Amended Motion To Set Aside the Temporary Restraining Order And/Or Alternatively Motion to Provide Adequate Bond."

On December 1, 1982 the trial court, following a hearing at which Tober and Turner were represented, signed an order overruling Tober's motion (apparently treating it as a motion to dissolve the temporary injunction). The trial court also found Tober in contempt of the temporary injunction; the contempt order is not here challenged. Tober made a cash deposit in lieu of an appeal bond on December 13, 1982.

 We initially note that although Tober purports to appeal from the order granting temporary injunction as well as the order overruling his subsequently filed motion, he has not perfected an appeal from the initial order. While an order granting a temporary injunction is an appealable interlocutory order, *see* Tex.Rev. Civ.Stat.Ann. art. 4662 (Supp.1982), the appeal of such an order must conform to the requirements for accelerated appeals, Tex. R.Civ.P.Ann. 385 (Supp.1983). In all accel-

erated appeals, the deposit in lieu of appeal bond must be made within thirty days after the order is signed. *Id.* 385(d). Such a requirement is a prerequisite to invoking this Court's jurisdiction; since Tober made an untimely cash deposit, we are without jurisdiction to consider an appeal of the order granting a temporary injunction. *Marshall v. Good Times, Inc.,* 537 S.W.2d 536 (Tex.Civ.App.1976, writ dism'd).

However, Tober's cash deposit *was* made within thirty days of the signing of the order overruling Tober's subsequent motion. Although that subsequent motion was rather awkwardly titled, to the extent possible we will treat it as a motion to dissolve the temporary injunction. An order overruling a motion to dissolve a temporary injunction is an appealable interlocutory order. Tex.Rev.Civ.Stat.Ann. art. 4662 (Supp.1982). Therefore, although we lack jurisdiction to entertain an appeal of the order granting the temporary injunction, we have jurisdiction to review the trial court's order overruling the motion to dissolve the injunction. *Marshall v. Good Times, Inc., supra.*

The determination of the question of whether to dissolve a temporary injunction is a matter lying within the discretion of the trial court; the scope of this Court's review of a trial court order overruling a motion to dissolve a temporary injunction is limited to the narrow question of whether the action of the trial judge, in overruling the motion to dissolve, constituted an abuse of discretion. *Marshall v. Good Times, Inc., supra.* Tober, as movant, has the burden to show that the trial court abused its discretion. *Id.*

As stated above, Tober was represented at the hearing on the application for temporary injunction. At that hearing Tober presented evidence in opposition to the granting of the temporary injunction. Later, at the hearing on the motion to dissolve the temporary injunction, Tober presented no evidence in support of dissolution; his case was based exclusively upon his attorney's legal argument.

Appellant's first four points of error relate to errors allegedly committed by the trial court in *originally granting* the temporary injunction; each of these matters were brought to the trial court's attention prior to the signing of the temporary injunction order, and were obviously rejected by the trial court. These points of error provide that the trial court erred in granting the temporary injunction because: (1) neither the contract of employment nor the restrictive covenant designate the market area of Turner, (2) the restrictive covenant is not reasonable either as to limitation of time or limitation of geographical area, (3) under the evidence presented Turner had breached the contract of employment prior to any breach upon the part of Tober, and (4) an inadequate injunction bond was set by the court.

We hold that the above four points of error are not a proper basis upon which Tober may contend that the trial court abused its discretion in overruling the motion to dissolve. They *are* a proper basis upon which Tober could have contended, upon direct appeal of the order granting the temporary injunction, that the trial court abused its discretion in granting such. By failing to perfect an appeal from the grant of the temporary injunction, Tober has now, upon appeal of the motion to dissolve, waived the right to complain of the specified alleged errors; this is particularly true where, as here, none of the alleged errors are fundamental (i.e. jurisdictional) in nature, and where, as here, the trial court was made aware of such alleged errors prior to signing the temporary injunction.

Additionally, to the extent that appellant complains that the restrictive covenant was unreasonable as to geographic scope, we note that the trial court has limited the scope of the temporary injunction in this regard, and has thereby reformed the covenant. Since this is not an appeal of the *grant* of the temporary injunction, we will presume that the record as a whole supports the trial court's action in granting the temporary injunction. *See State v. Friedmann,* 572 S.W.2d 373 (Tex. Civ.App.1978, writ ref'd n.r.e.) We will not

look to the statement of facts from the hearing on the motion to grant the temporary injunction to ascertain if the evidence supports such grant. *Id.*

■■■■ Finally, we hold that the trial court has no duty, upon the filing of a motion to dissolve, to *reconsider* the propriety of the granting of a temporary injunction, at least where the motion does not allege fundamental error, and also where the motion is not based upon evidence of changed conditions but is rather based upon evidence which was before the court at the prior hearing on the motion to grant the temporary injunction. We will specify both practical and legal reasons for this holding below; however, assuming it to be sound, the trial court cannot be held to have abused its discretion where, as here, it refused to alter its prior decision in the absence of new evidence.

From a practical standpoint, if a litigant could, by motion to dissolve, force reconsideration of the original grant, without a showing of changed conditions, then there is an incentive for him to do so at least once, or more often, in hope that he will be able to wear down the resistance of the original trial judge, or in hope that he will be able to secure a hearing before a different trial judge who may be more sympathetic. Such actions needlessly add to the judicial caseload, both at the trial and appellate level. Recognition of the principle that the trial court has no duty to reconsider the validity of the original grant of temporary injunction upon motion to dissolve enables the trial court to dispose of motions to dissolve solely upon the pleadings when the motion to dissolve, on its face, shows that the litigant offers no new evidence.

■■■■ There is a legal basis for holding that the trial court has no duty, upon motion to dissolve, to reconsider the original grant of temporary injunction. Tex.R.Civ.P.Ann. 385 (Supp.1983) provides that *no motion for new trial shall be filed* in appeals from interlocutory orders appealable by law. The purpose of this rule is to avoid duplicity of effort and to give some degree of finality to interlocutory orders.

If a litigant is permitted, upon motion to dissolve, to again challenge the original temporary injunction grant, without an allegation of changed conditions, then the litigant could accomplish indirectly what he could not directly do (make a motion for new trial). *Cf. State v. Friedmann, supra.* In such a manner, the litigant could thereby render meaningless the appellate timetable applicable to accelerated appeals, *see* Tex.R.Civ.P.Ann. 385(d) (Supp.1983); a litigant, after unsuccessfully opposing a temporary injunction, could wait for an indefinite period to perfect an appeal of the grant of the temporary injunction (by filing a subsequent motion to dissolve, which raises the points of error which could have, and should have, been raised in a direct appeal of the order granting temporary injunction).

■■■■ A motion to dissolve may not be used as a means of evading or expanding the rules applicable to appealing interlocutory orders. A statute authorizing an appeal from an interlocutory order must be given a strict construction since the statute is in derogation of the general rule that only final judgments and orders are appealable. 4 Tex.Jur.3d Appellate Review § 70 (1980). We note that Tober did not file his motion to dissolve until after it was too late to perfect an appeal from the order granting a temporary injunction.

■■■■ We should not be understood to say that a trial court lacks the authority to reverse its prior temporary injunction order absent a showing of changed conditions; it does have that power. *City of Hudson v. Ivie,* 592 S.W.2d 658 (Tex.Civ.App.1979, no writ). We hold only that the trial court will not be deemed to have abused its discretion by refusing to reverse a prior grant of temporary injunction, absent pleading and proof of changed conditions, *State v. Friedmann, supra; see* 6 L. Lowe Texas Practice—Remedies § 186 (1973), or perhaps upon pleading and proof of fundamental (i.e. jurisdictional) error, *but see Texas Board of Examiners in Optometry v. Carp,* 162 Tex. 1, 343 S.W.2d 242 (1961).

In *Carp*, the Supreme Court held that a plea of privilege, as to which appeal had not been timely perfected, was not reviewable in conjunction with review of an order granting temporary injunction, as to which appeal had been timely perfected. The Supreme Court also held that the Court of Civil Appeals lacked jurisdiction to review pleas to the jurisdiction which had been rejected by the trial court. The Supreme Court stated the rule that appellate courts lack jurisdiction to review an unappealable interlocutory order in an appeal "from another interlocutory order which is appealable except insofar as the questions raised might affect the validity of the latter order." 343 S.W.2d at 243. We hold that the questions relevant to the grant of the temporary injunction, raised by Tober in this appeal, do not affect the *validity* of the order overruling the motion to dissolve; however, our holding does not here turn solely upon jurisdiction, but is also grounded upon Tober's failure to prove that the trial court abused its discretion in overruling the motion to dissolve.

We should stress that most of what we have said above, especially as it relates to the trial court's duty in considering a motion to dissolve, is applicable to temporary injunctions, which are granted only after notice and an opportunity for an evidentiary hearing; the trial court's duty in considering a motion to dissolve an injunctive order rendered without notice and opportunity for hearing would be broader. *Compare State v. Friedmann, supra* (motion to dissolve filed after full evidentiary hearing on grant of temporary injunction) *with Whitaker v. Wilson*, 349 S.W.2d 753 (Tex. Civ.App.1961, writ ref'd n.r.e.) (temporary injunction granted solely upon intervenor's sworn petition).

Much of the confusion as to the proper scope of a motion to dissolve arises from cases decided at a time when no distinction was made as between injunctive relief granted before and injunctive relief granted after a full evidentiary hearing. Apparently, under prior law it was standard procedure for a trial court to, issue a temporary injunction solely upon the applicant's sworn petition; therefore, upon filing a mo-

tion to dismiss, the opposite party had a right to a full evidentiary hearing upon the issue of whether the temporary injunction should have, in the first instance, been granted. *See Plateau Oil Co. v. Choate Oil Corp.*, 235 S.W. 686 (Tex.Civ.App.1921, writ dism'd).

 Under current rules the trial court may not enter a temporary injunction against a party before that party has presented its defenses and has rested its case. Tex.R.Civ.P.Ann. 681 (1967); *Great Lakes Engineering, Inc. v. Andersen*, 627 S.W.2d 436 (Tex.App.1981, no writ); *City of Austin v. Texas Public Emp. Ass'n*, 528 S.W.2d 637 (Tex.Civ.App.1975, no writ). Under this procedure the party opposing the temporary injunction has an opportunity to fully litigate the issue of whether the temporary injunction should be granted *prior to* the granting of such; there is no longer any reason for requiring the trial court to reexamine the legal and factual basis of the preliminary injunction upon motion to dissolve. *See Nu-Tred Tire Co. v. Dunlop Tire & Rubber Corp.*, 118 Ariz. 417, 577 P.2d 268 (App.1978). The purpose of the motion to dissolve is to provide a means to show that changed circumstances or changes in the law require the modification or dissolution of the injunction; the purpose is not to give an unsuccessful party an opportunity to relitigate the propriety of the original grant. *Id.; see State v. Friedmann, supra.* Tober's first four points of error are overruled.

In his fifth point of error Tober contends that the trial court erred in granting a temporary injunction which by its terms restrained persons who were not parties to this action. Although this point attacks the original grant of temporary injunction, apparently it could not have been brought to the trial court's attention prior to entry of the judgment. However, it could have been raised in a direct appeal from the order granting temporary injunction. For that reason, it is questionable, under the above analysis, as to whether it can now be raised in the appeal of the order overruling the motion to dissolve. However, we need

not resolve that question, since it is obvious from reading the temporary injunction order that Tober, and no other person, is thereby enjoined. The fifth point of error is overruled.

Finally, Tober complains that the trial court abused its discretion in refusing to hear evidence of Turner's breach of the employment contract. Tober contends that such evidence was relevant to showing that Turner lacked clean hands and that Turner was therefore not entitled to equitable relief.

To the extent that Tober complains of the trial court's refusal to hear evidence at the hearing on application for temporary injunction, we hold, for reasons given above, that such is not within the proper scope of a motion to dissolve. The same holds true as to any complaint of the trial court's refusal, at the hearing on the motion to dissolve, to consider evidence not relevant to changed conditions, unless, perhaps, there is an allegation that such evidence is newly discovered.

Also, we have examined the statement of facts from the hearing on the motion to dissolve. At no point did Tober offer any evidence; the trial court certainly never prevented the introduction of any evidence. Even if the trial court had refused to hear testimony, Tober does not direct us to a bill of exceptions which would show what the witnesses would have testified to; therefore, no error is shown. *Schutz v. Southern Union Gas Co.*, 617 S.W.2d 299 (Tex.App.1981, no writ). The final point of error is overruled.

Having overruled all of appellant's points of error, we affirm the trial court's order.