CELLULAR MARKETING,
INC., Appellant,

v.

HOUSTON CELLULAR TELEPHONE
COMPANY, Appellee.

No. A14-88-1075-CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 18, 1990.

Charles R. Young, Houston, for appellant.

Glen E. Clover, Bonnie White, Al Staehely, Rosemary E. Williams, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Appellant perfected an interlocutory appeal of the trial court's refusal to set aside its order granting a temporary injunction. Since there is nothing in the record to indicate the trial court abused its discretion, we affirm the decision of the court below.

The order granting the temporary injunction was signed May 2, 1988. Appellant had twenty (20) days within which to perfect an appeal from that order. TEX.R.APP. PROC. 42. No such appeal was taken.

Appellant filed a motion to set aside the order granting the temporary injunction on August 11, 1988, which the trial court denied on September 12, 1988. Appellant attempted .to perfect an appeal from that order by filing an untimely appeal bond with this court on October 11, 1988. That appeal, numbered 14-88-0884 was dismissed by this court for want of jurisdiction.

Appellant filed a second motion to set aside the temporary injunction on October 27, 1988. The trial court denied the motion on November 14, 1988. Appellant perfected this appeal within twenty (20) days of that order on November 22, 1988.

■ Appellant's brief asks this court to review the May 2, 1988 grant of the temporary injunction. An appeal of such an order must conform to the requirements for accelerated appeals outlined in Rule 42. Those requirements are a prerequisite to invoking this court's jurisdiction. Since appellant did not perfect an appeal from that order within twenty days of its signing, we are without jurisdiction to review that order. *Tober v. Turner of Texas,* 668 S.W.2d 831, 833–34 (Tex.App.—Austin 1984, no writ); *Marshall v. Good Times, Inc.,* 537 S.W.2d 536, 537 (Tex.App.—Fort Worth 1976, writ dism'd). We must presume the record as a whole supports the trial court's decision to grant the temporary injunction. We will not look to the portion of the record concerning the hearings on the motion to grant the injunction to ascertain if the evidence supports that decision. *State v. Friedmann,* 572 S.W.2d 373, 375 (Tex. App.—Corpus Christi 1978, writ ref'd n.r.e.) (citing *Marshall,* 537 S.W.2d 536).

■ Appellant's motion to set aside was essentially a motion to dissolve the temporary injunction. Denial of such a motion is an appealable interlocutory order. Tex.Civ. Prac. & Rem.Code § 51.014 (Vernon Supp. 1989). Since appellant has perfected an appeal from the November 14, 1988, order denying its motion, this court has jurisdiction to review that order even though we may not consider the initial grant of the injunction. *Tober,* 668 S.W.2d at 834.

Accordingly, appellee's motion to dismiss, which was taken with the case, is overruled.

■ The determination of whether to dissolve a temporary injunction lies within the sound discretion of the trial court. On appeal, our review is limited to the narrow question of whether the trial court abused its discretion in denying the motion to dissolve. Appellant has the burden to establish an abuse of discretion. *Tober,* 668 S.W.2d at 834; *Marshall,* 537 S.W.2d at 538. Appellant has failed to meet that burden.

■ Appellant asked the court to rule on its motion without an oral hearing. The motion, like appellant's brief on appeal, raised issues only concerning the propriety of the initial grant of the temporary injunction. Appellant presented no new evidence for the trial court's consideration. That court has no duty, upon filing of a motion to dissolve, to reconsider the grant of the injunction where the motion does not allege fundamental error or changed conditions. The trial court cannot be held to have abused its discretion by refusing to alter its prior decision in the absence of any new evidence *Tober,* 668 S.W.2d at 835.

Appellant's sole point of error is overruled.

The decision of the trial court is affirmed.