**Affirmed in Part and Dismissed in Part and Memorandum Opinion filed January 5, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00219-CV

---

## GEORGE M. BISHOP, AS SUBSTITUTE TRUSTEE, AND F.E.T.C. CORP., Appellants

### V.

## MARY BETH CLAWSON AND JOHN RIDDLE, Appellee

---

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 10CV0585**

---

## MEMORANDUM OPINION

George M. Bishop and F.E.T.C. Corp. (collectively, "Bishop") appeal from the trial court's interlocutory order "setting aside foreclosure and reinstating temporary injunction" in favor of appellees Mary Beth Clawson and John Riddle. In two issues, Bishop argues that the trial court erred by granting a temporary injunction without hearing any evidence and voiding a deed of foreclosure. We affirm in part and dismiss in part.

BACKGROUND

Clawson and Riddle sought a temporary injunction to prohibit Bishop from foreclosing on their property. They attached documents to their sworn petition, including affidavits, a deed of trust, letters, Bishop's notice of foreclosure, a transfer of note and lien document, and other documents. The trial court held a hearing on the temporary injunction on March 15, 2010. No one appeared for Bishop, and the trial court entered a temporary injunction after "considering the application . . . for a temporary injunction, the pleadings, affidavits and arguments of counsel." The trial court did not hear live testimony, nor did it admit any exhibits into evidence.

Bishop filed a motion to dissolve the temporary injunction on May 4, 2010,[1] and the trial court signed an unopposed amended temporary injunction on July 23, 2010 to set the case for trial. Bishop filed another motion to dissolve the temporary injunction on January 5, 2011, contending that the injunction was entered without notice in violation of Rule 681 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 681. The court ordered dissolution of the temporary injunction on January 14, 2011.

On January 31, 2011, Clawson and Riddle again applied for a temporary restraining order and temporary injunction and asked the court to vacate its order granting the motion to dissolve. The court issued a temporary restraining order on the same day, prohibiting Bishop from proceeding with a foreclosure sale. Bishop foreclosed on the property the following day, and Clawson and Riddle filed a motion to set aside the foreclosure sale. After a hearing attended by all parties on February 18, 2011, the court signed an "order setting aside foreclosure and reinstating temporary injunction," which contained the following statement:

---

[1] Bishop contended (1) there was no service or notice of the temporary injunction; (2) the injunction was void because it did not set the case for trial; (3) there was no evidence to support the statement in the order that "there is likely no deficiency on the primary debt;" (4) the bond was too low; (5) the finding that the property was a homestead was contrary to the note; (6) Clawson breached the deed of trust by failing to apply insurance proceeds to the debt; and (7) this matter was previously litigated with courts denying temporary injunctions.

2

On or about January 14, 2011, this Court entered an Order dissolving a Temporary Injunction that had previously been entered herein on March 15, 2010. The Court finds that Defendant Bishop failed to give proper notice of hearing on his motion to dissolve to Plaintiffs who were, at the time, appearing pro se. The court further finds that such Temporary Injunction should be reinstated so as to preserve the status quo pending trial. Therefore, the Order dissolving the Temporary Injunction that was entered herein on or about January 14, 2011, is hereby vacated and rescinded, and the Temporary Injunction is reinstated and is in full force and effect.

The court also ordered that the foreclosure sale and any deed or conveyance instrument executed pursuant to the sale be rescinded, canceled, and set aside. Bishop filed a notice of appeal twenty days later on March 10, 2011.

### TEMPORARY INJUNCTION ENTERED WITHOUT HEARING EVIDENCE

In his first issue, Bishop argues that the trial court erred by signing temporary injunctions on March 15, 2010 and February 18, 2011 because the trial court failed to hear any evidence at the hearings. We hold that Bishop has failed to preserve the asserted error for our review.

An accelerated appeal may be taken within 20 days from an interlocutory order that grants or denies (1) a temporary injunction; or (2) a motion to dissolve a temporary injunction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon Supp. 2011) (allowing appeals from interlocutory injunction and dissolution orders); Tex. R. App. P. 26.1(b) (20 days to perfect an accelerated appeal); Tex. R. App. P. 28.1(a) (appeals from interlocutory orders are accelerated).

Our scope of review is shaped by the type of order being appealed. Unlike an appeal from a decision on an application for a temporary injunction, when the appeal is from a decision on a motion to dissolve, "We must presume the record as a whole supports the trial court's decision to grant the temporary injunction. We will not look to the portion of the record concerning the hearings on the motion to grant the injunction to ascertain if the evidence supports that decision." *Cellular Mktg., Inc. v. Houston Cellular*

3

*Tel. Co.*, 784 S.W.2d 734, 735 (Tex. App.—Houston [14th Dist.] 1990, no pet.). When presented with a motion to dissolve, a trial court has "no duty . . . to reconsider the grant of the injunction where the motion does not allege fundamental error or changed circumstances." *Id.* And when a party appeals from an order denying a motion to dissolve, we have jurisdiction to review only that order — "we may not consider the initial grant of the injunction." *Id.*

Bishop classifies the trial court's February 18, 2011 order as a "temporary injunction order." We disagree with this classification. The characterization of an order as a temporary injunction is controlled by the character and function of the order, regardless of its form. *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992). The trial court "reinstated" the March 15, 2010 temporary injunction by vacating and rescinding its order granting Bishop's motion to dissolve. The trial court did not issue a new temporary injunction; instead, it reinstated the previously granted injunction by reconsidering its prior dissolution order and denying Bishop's motion to dissolve. The character and function of the trial court's February 18 order — and indeed, the form of that order — indicate that the order decided Bishop's motion to dissolve. The order did not decide Clawson and Riddle's application for a temporary injunction. Thus, our review is limited to the trial court's denial of Bishop's motion to dissolve.

Bishop complains on appeal that the trial court granted "either temporary injunction order in this case" based on the pleadings without hearing any evidence. *See Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 686–87 (Tex. 1968); *see also* Tex. R. Civ. P. 680. This argument was not presented in Bishop's motions to dissolve. To preserve error for our review, an appellant's complaint on appeal must comport with the argument made in the trial court. *See, e.g.*, *Wohlfahrt v.*

4

*Holloway*, 172 S.W.3d 630, 639–40 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Thus, Bishop has failed to preserve error for our review.[2]

Bishop's first issue is overruled.

### ORDER VOIDING A DEED OF FORECLOSURE

In his second issue, Bishop argues that the trial court erred by granting "final relief voiding a deed of foreclosure." Bishop apparently contends that the trial court's order setting aside the foreclosure sale was beyond the court's authority to preserve the status quo and impermissibly constituted final relief on the merits.[3] We lack jurisdiction to consider Bishop's appeal from this portion of the trial court's order.

When part of an interlocutory order is appealable and another part is not, we review only the appealable part. *See Easton v. Brasch*, 277 S.W.3d 558, 561 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (court of appeals had no jurisdiction to review portion of injunctive order awarding attorney's fees). "There is no statute authorizing appellate jurisdiction over an interlocutory order voiding a foreclosure sale, nor can such an order be considered final." *Kaplan v. Tiffany Dev. Corp.*, 69 S.W.3d 212, 217 (Tex. App.—Corpus Christi 2001, no pet.). The issue of whether Bishop may legally foreclose on the property has not been tried to a full disposition. *See id.* The trial court did not

---

[2] We note that some deficiencies in a temporary injunction order will render the order "void," and such defects are not waived by failing to timely raise the issue in the trial or appellate court. *See, e.g.*, *AutoNation, Inc. v. Hatfield*, 186 S.W.3d 576, 581 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (discussing Tex. R. Civ. P. 683). However, this rule applies only when the appellant has timely perfected an appeal from the original injunction order. We have no jurisdiction to consider such errors when the appeal is from the trial court's ruling on a motion to dissolve on other specified grounds. *See Desai v. Reliance Mach. Works, Inc.*, 813 S.W.2d 640, 641 (Tex. App.—Houston [14th Dist.] 1991, no writ) (rejecting argument that dissolution was proper on the ground that the injunction did not comply with Rule 683; even though the injunction should have been dissolved on that ground if the party appealed from the original injunction order, our court lacked jurisdiction to review this issue because the appeal was taken from the trial court's order on a motion to dissolve, which found changed circumstances rather than a violation of Rule 683; thus, we were limited to considering the issue of changed circumstances).

[3] *See Tex. Foundries v. Int'l Moulders & Foundry Workers' Union*, 248 S.W.2d 460, 464 (Tex. 1952) ("It is error for a trial court to grant a temporary injunction, the effect of which would be to accomplish the object of the suit. To do so would be to determine the rights without a trial.").

grant final relief on the merits. Instead, the court enforced the status quo by voiding a foreclosure sale that occurred after the trial court signed the initial temporary injunction and during the pendency of a temporary restraining order prohibiting foreclosure.

Bishop's appeal from the trial court's order voiding a deed of foreclosure is dismissed for lack of jurisdiction.

## CONCLUSION

Bishop failed to preserve error with respect to whether the trial court erred by granting the temporary injunction without admitting evidence at the hearing, and we lack jurisdiction to consider Bishop's appeal from the trial court's order setting aside the deed from the foreclosure sale. Thus, we affirm the trial court's order denying Bishop's motion to dissolve, and we dismiss the remainder of Bishop's appeal.


/s/    William J. Boyce
        Justice


Panel consists of Justices Brown, Boyce, and McCally.