**Affirmed and Memorandum Opinion filed April 26, 2022.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-20-00720-CV

## LUIS GARCIA DE LOS SALMONES AND MARIA GARCIA DE LOS SALMONES, Appellants

## V.

## ANCHOR DEVELOPMENT GROUP, LLC, Appellee

**On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2018-36029**

## MEMORANDUM OPINION

Appellants Luis Garcia De Los Salmones and Maria Garcia De Los Salmones appeal from the trial court's interlocutory order denying their motion to dissolve an agreed temporary injunction previously entered by the trial court. Concluding appellants have not established that the trial court abused its discretion when it denied appellants' motion, we affirm the trial court's order.

## BACKGROUND

This litigation originated when Harris County filed suit against appellants and appellee Anchor Development Group, LLC seeking recovery of allegedly delinquent ad valorem taxes assessed against a parcel of real property in Harris County. Anchor Development owns the real property at issue. Appellants financed Anchor Development's purchase of the property. In connection with the purchase of the property, Anchor Development executed a note as well as a deed of trust.

A dispute eventually erupted between appellants and Anchor Development over whether Anchor Development was timely paying the property taxes on the property. When the dispute was not resolved, appellants sent Anchor Development notice that it was accelerating the note and that the property was scheduled to be sold at a foreclosure sale. Appellants also notified Anchor Development that it was filing a cross-claim in the Harris County tax suit seeking judicial foreclosure of the property. Anchor Development filed an answer as well as an application for a temporary restraining order and injunctive relief in response to appellants' cross-claim. Anchor Development asked the trial court to temporarily restrain and then, after a hearing, to enjoin appellants from attempting to sell or foreclose on the property. The trial court signed an order granting Anchor Development's requested temporary injunction in November 2018. The trial court vacated that temporary injunction in December 2018.

The dispute between the parties continued however and in March 2019, Anchor Development again sought injunctive relief preventing appellants from selling or foreclosing on the property. At the ensuing hearing, an agreed temporary injunction order was signed by the trial court. The order prohibited appellants from selling or foreclosing on the property. The agreed injunction order required

2

Anchor Development to pay into the registry of the court a total of $11,000 cash in lieu of bond. The agreed injunction order also required Anchor Development to pay $1,576.76 each month into the registry of the court. Appellants did not attempt to appeal the agreed temporary injunction order.

Appellants came to believe that Anchor Development was violating the terms of the agreed temporary injunction order. They subsequently filed multiple motions to dissolve the agreed order, which were all denied by the trial court. None of these orders were appealed. Despite that lack of success, appellants filed another "Emergency Motion to Remove Injunction" in August 2020, which the trial court also denied. This interlocutory appeal of that denial followed.

## ANALYSIS

Appellants raise six issues in this appeal, which we consolidate into three.

## I. The trial court was not required to prepare findings of fact and conclusions of law.

Appellants assert that the trial court erred when it failed to file findings of fact and conclusions of law after they had timely requested them. Appellants ask this court to abate this appeal and direct the trial court to prepare findings of fact and conclusions of law on the trial court's denial of appellants' "Emergency Motion to Remove Injunction."

This is an interlocutory appeal from the trial court's denial of appellants' "Emergency Motion to Remove Injunction." *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4) (authorizing appeal from an interlocutory order that "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction"). When there is an appeal from an interlocutory order, a trial court is not required to file findings of fact and conclusions of law. *See* Tex. R. App. P. 28.1(c); *Tom James of Dallas, Inc. v. Cobb*, 109 S.W.3d 877, 884 (Tex. App.—

3

Dallas 2003, no pet.) ("In an appeal from an interlocutory order, the trial judge may file findings and conclusions, but is not required to do so."). If a trial judge does make findings and conclusions, while they may be helpful in determining whether the trial court abused its discretion, they do not control the outcome of the case. *Tom James of Dallas, Inc.*, 109 S.W.3d at 884. As a result, we reject appellants' request to abate the appeal and order the trial court to make findings of fact and conclusions of law.

## II. The trial court was not required to state in the order the reasons it denied appellants' "Emergency Motion to Remove Injunction."

Appellants next argue that the trial court erred when it failed to state in the order the reasons it denied their "Emergency Motion to Remove Injunction." Appellants argue Rule 683 of the Texas Rules of Civil Procedure requires trial courts to specifically state in its order the reasons it refused to dissolve a temporary injunction. They continue that a failure to comply with this requirement constitutes reversible error.

Rule 683 provides, in pertinent part, that "every order **granting an injunction** and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained . . . ." *See* Tex. R. Civ. P. 683 (emphasis added). The obvious purpose of Rule 683 is to ensure the "order itself informs a restrained party, unambiguously and with a reasonable degree of specificity, of the conduct to be restrained." *See In re Luther*, 620 S.W.3d 715, 723 (Tex. 2021) (addressing compliance of a temporary restraining order with Rule 683); *Arrechea v. Plantowsky*, 705 S.W.2d 186, 189 (Tex. App.—Houston [14th Dist.] 1985, no writ) (noting that "the obvious purpose of the rule is to adequately inform a party from which action he is enjoined and

why he is enjoined"). We conclude that, pursuant to the plain language of the rule, a trial court is only required to set forth the reasons for its action when it grants a party's application for injunctive relief, not when it denies a motion to dissolve or remove an injunction. *See* Tex. R. Civ. P. 683*; Nichols v. Catalano*, 216 S.W.3d 413, 415–17 (Tex. App.—San Antonio 2006, no pet.) (holding that nothing in Rule 683 requires a trial court to state reasons for denying application for injunctive relief). We therefore overrule this issue.

## III. The trial court did not abuse its discretion when it denied appellants' "Emergency Motion to Remove Injunction."

Appellants make multiple arguments asserting that the trial court abused its discretion when it denied their "Emergency Motion to Remove Injunction." Many of those arguments attempt to challenge the trial court's initial decision to grant the agreed temporary injunction.[1] We do not have jurisdiction to address these arguments. *Cellular Mktg., Inc. v. Houston Cellular Tel. Co* ., 784 S.W.2d 734, 735 (Tex. App.—Houston [14th Dist.] 1990, no pet.). We address appellants' remaining arguments together.

### A. Standard of review and applicable law

The decision to dissolve a temporary injunction is a matter lying within the broad discretion of the trial court. *Desai v. Reliance Mach. Works, Inc.*, 813 S.W.2d 640, 641–42 (Tex. App.—Houston [14th Dist.] 1991, no writ). When, as

---

[1] Appellants contend that the bond portion of the agreed temporary injunction order does not meet the specificity requirements found in Rule 683. Because this contention challenges the original agreed temporary injunction order, we do not have jurisdiction to address it. *Cellular Mktg., Inc.*, 784 S.W.2d at 735. Appellants also argue on appeal that the agreed temporary injunction order denies them the protections found in the deed of trust. This argument also goes to the original grant of the agreed temporary injunction and we do not have jurisdiction to consider it. *Id.* Finally, appellants argue that Anchor Development's pleadings are insufficient to justify injunctive relief. This argument also constitutes an attempt to challenge the initial granting of the agreed temporary injunction and we do not have jurisdiction to consider it in this interlocutory appeal. *Id.*

here, the interlocutory appeal is from an order denying a motion to dissolve, and the initial order granting temporary injunctive relief was not appealed, we do not have jurisdiction to consider the propriety of the trial court's decision to grant the initial injunctive relief. *See Murphy v. McDaniel*, 20 S.W.3d 873, 877 (Tex. App.—Dallas 2000, no pet.); *Cellular Mktg., Inc.*, 784 S.W.2d at 735. We presume the injunction was not improvidently granted and that the record supports the trial court's action. *Cellular Mktg., Inc.*, 784 S.W.2d at 735. Our review of the trial court's order denying dissolution of the injunction is limited to the narrow question of whether that action by the trial court constitutes a clear abuse of discretion. *Desai*, 813 S.W.2d at 641–42.

A trial court abuses its discretion only if it reaches a decision so arbitrary and unreasonable that it exceeds the bounds of reasonable discretion. *See Henry v. Cox*, 520 S.W.3d 28, 33–34 (Tex. 2017). In making this determination, we may not substitute our judgment for that of the trial court unless its decision was so arbitrary that it exceeded the bounds of reasonableness. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). An abuse of discretion does not exist if the trial court heard conflicting evidence, the evidence appears in the record, and it reasonably supports the trial court's decision. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). We review the evidence in the light most favorable to the trial court's ruling and draw all legitimate inferences in support of it. *See Washington DC Party Shuttle, LLC v. IGuide Tours*, 406 S.W.3d 723, 740 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (addressing an appeal from the denial of injunctive relief). In addition, we defer to the trial court's resolution of conflicting evidence. *See Davis*, 571 S.W.2d at 862; *Washington DC Party Shuttle, LLC*, 406 S.W.3d at 740. A party challenging the trial court's ruling on the requested relief must establish that, with respect to resolution of factual issues, the trial court reasonably

could have reached but one decision. *Washington DC Party Shuttle, LLC*, 406 S.W.3d at 740.

The purpose of a motion to dissolve a temporary injunction is not to give an unsuccessful party an opportunity to relitigate the propriety of the original injunction order. *Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 836 (Tex. App.—Austin 1984, no writ). The trial court has the authority to dissolve a temporary injunction upon a showing of changed conditions. *Desai*, 813 S.W.2d at 641–42. Changed circumstances are conditions that alter the status quo existing after the injunction was granted that make the injunction unnecessary or improper. *Bone v. Moss*, No. 05-21-00436-CV, 2022 WL 484312, at *5 (Tex. App.—Dallas Feb. 17, 2022, no pet.) (mem. op.). Changed circumstances may include an agreement of the parties, newly revealed facts, or a change in the law that make the temporary injunction unnecessary or improper. *Id.* The movant bears the burden to present new evidence establishing changed circumstances. *See Lyle v. Hart*, No. 05-93-00447-CV, 1993 WL 319415, at *5 (Tex. App.—Dallas Aug. 16, 1993, writ dism'd) (not designated for publication) (holding movants failed to meet their burden to establish changed circumstances); *Cellular Mktg., Inc.*, 784 S.W.2d at 735 (stating that the party seeking to dissolve a temporary injunction "has the burden to establish an abuse of discretion" on appeal). A trial court has no duty to reconsider the grant of an injunction if the movant fails to present new evidence showing fundamental error or changed circumstances. *Lyle*, 1993 WL 319415, at *5. Therefore, a "trial court cannot be held to have abused its discretion by refusing to alter its prior decision in the absence of any new evidence." *Cellular Mktg., Inc.*, 784 S.W.2d at 735.

### B. Appellants failed to meet their burden to establish changed circumstances.

7

Appellants argue that they established changed circumstances sufficient to justify dissolution of the agreed temporary injunction order or to at least order an increased bond. In support of this contention, appellants point to lawsuits filed by lenders to foreclose on the property. They also point out that Anchor Development did not make the monthly payments into the registry of the court for the months of May through September 2020. Finally, appellants assert that Anchor Development was siphoning off assets to make itself judgment proof. Following the standard of review which requires this court to view the record in favor of the trial court's order, we conclude that none of these assertions establish that the trial court abused its discretion when it denied appellants' "Emergency Motion to Remove Injunction."

We turn first to the foreclosure lawsuits filed by various parties alleging that the taxes on the property had not been paid. Pleadings generally do not constitute evidence, even if they are sworn or verified. *See Regency Field Services, LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 818 (Tex. 2021) (addressing summary judgment evidence). Instead, pleadings such as an original petition or a petition in intervention, contain allegations only. *Yu v. Koo*, 633 S.W.3d 712, 729 (Tex. App.—El Paso 2021, no pet.) ("Neither the pleadings themselves, nor the allegations within them, constitute evidence."); *Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d 14, 27 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (recognizing that pleadings are not evidence "because assertions in a petition are nothing more than allegations"). We must presume that the trial court recognized this principle and concluded that the foreclosure lawsuits cited by appellants did not establish changed circumstances warranting dissolution of the agreed temporary injunction.

Appellants next argue that Anchor Development's failure to make five

8

monthly payments into the registry of the court established changed circumstances sufficient to justify dissolution of the agreed temporary injunction. While Anchor Development did not dispute the missed payments, it gave two reasons that it argued excused those missed payments. First, it asserted that the problems surrounding the covid pandemic and resulting shutdowns had prevented timely payment of the May 2020 payment. Second, it informed the trial court that another Harris County District Court had entered an injunction order prohibiting Anchor Development from making any type of transfer of its assets or funds, including making payments into the registry of the court. Appellants did not dispute the existence of that injunction. Anchor Development also notified the trial court during the hearing on appellants' motion to remove the agreed temporary injunction order that it was attempting to get the other Harris County District Court to modify that injunction to allow the payments into the registry of the court to resume. We must presume the trial court believed Anchor Development's explanation and determined that the missed payments did not constitute changed circumstances sufficient to dissolve or modify the agreed temporary injunction. *See Davis*, 571 S.W.2d at 862.

Finally, appellants argue that Anchor Development was "siphoning off over a million dollars in assets." Appellants point to no evidence in the record substantiating this allegation and such an unsubstantiated allegation cannot demonstrate an abuse of discretion by the trial court. *See Cellular Mktg., Inc.*, 784 S.W.2d at 735 ("The trial court cannot be held to have abused its discretion by refusing to alter its prior decision in the absence of any new evidence.").

Because appellants failed to demonstrate that they met their burden to establish that the trial court abused its discretion when it denied their "Emergency Motion to Remove Injunction," we overrule appellants' remaining issue on appeal.

## CONCLUSION

Having overruled all of appellants' issues necessary to resolve this interlocutory appeal, we affirm the trial court's interlocutory order denying appellants' "Emergency Motion to Remove Injunction."


/s/     Jerry Zimmerer
            Justice


Panel consists of Justices Jewell, Zimmerer, and Hassan.