**Motion to Dismiss Granted; Dismissed in Part, Affirmed in Part, and Memorandum Opinion filed December 8, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00043-CV

## HOMETOWN BANK, N.A., Appellant

## V.

## THE CITY OF TEXAS CITY, TEXAS, Appellee

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 20-CV-1621**

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, a bank attempts to appeal from two orders—an interlocutory order in which the trial court granted a motion to strike the Bank's plea in intervention and an interlocutory order in which the trial court denied the Bank's motion to dissolve the trial court's temporary injunction. Concluding that we lack appellate jurisdiction over the bank's attempted appeal from the first order, we grant the appellee's motion to dismiss and dismiss this appeal to the extent the

bank seeks to appeal from that order. Concluding that we have appellate jurisdiction over the Bank's appeal from the second order and that the bank has not shown that the trial court erred in denying the Bank's motion to dissolve the temporary injunction, we affirm that order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Thomas Rhone owns real property in Texas City, Texas on which buildings have been constructed that contain apartment units (the "Property"). Appellant Hometown Bank, N.A. (the "Bank") holds a deed-of-trust lien to some of the Property as well as an assignment of rents and leases as to the apartments on the Property. Appellee/plaintiff the City of Texas City, Texas (the "City") filed a civil action under chapter 54, subchapter B of the Local Government Code against Rhone d/b/a Rhone Investments ("Rhone").[1] The City did not file suit against the Bank. The City sought injunctive relief against Rhone under Local Government Code section 54.016 alleging violation of City ordinances, including an ordinance that adopts section 111.1 of the 2015 edition of the International Building Code ("Section 111.1"). Section 111.1 provides that a building shall not be used or occupied until the building official has issued a certificate of occupancy for the building.

The City requested a temporary injunction, and the trial court held a hearing on that request. The trial court signed an order granting a temporary injunction. Rhone timely perfected an interlocutory appeal from this order, and that case is pending in a separate appeal in this court.[2] After Rhone perfected appeal, the Bank filed a plea in intervention and a motion to dissolve the temporary injunction that

---

[1] *See* Tex. Loc. Gov't Code Ann. § 54.012 (West, Westlaw through 2021 C.S.).

[2] *See Thomas Edison Rhone d/b/a Rhone Investments v. The City of Texas City, Texas*, Cause No. 14-20-00854-CV.

the trial court had issued. The City filed a motion to strike the Bank's plea in intervention. On January 12, 2021, the trial court signed an order denying the Bank's motion to dissolve the temporary injunction and signed another order granting the City's motion to strike. The trial court did not state that its order denying the motion to dissolve was based on its order granting the City's motion to strike. Within 20 days, the Bank filed a Notice of Accelerated Interlocutory Appeal, in which the Bank attempted to appeal from these two orders.[3]

## II. ISSUES AND ANALYSIS

On appeal and before its brief was due, the Bank filed in this case an opposed motion to consolidate this appeal with Rhone's appeal in *Thomas Edison Rhone d/b/a Rhone Investments v. The City of Texas City, Texas*, Cause No. 14-20-00854-CV. Before this court ruled on the motion, the Bank's brief came due, and the Bank filed in this case the "Combined Brief of Appellants Thomas Rhone and Hometown Bank N.A." Even though Rhone is not a party in this appeal, the cover page of this brief bears the styles of both appeals, and the brief purports to be the brief of both Rhone and the Bank. Counsel for each party signed the brief. The first two appellate issues in the brief seek relief pertaining to the Bank, and the third, fourth, and fifth issues seek relief pertaining to Rhone. The same brief was filed in Cause No. 14-20-00854-CV. This court later denied the motion to consolidate. In this context, we construe the brief filed in this appeal to contain two issues presented by the Bank—the first two issues—and three issues presented by Rhone in Cause No. 14-20-00854-CV. In today's case, we address the two issues presented by the Bank. Because Rhone is not a party in this appeal, we do not address Rhone's three issues, which we leave to the determination of this court in

---

[3] The trial court signed a series of amended orders granting temporary injunction, the last of which was the Fifth Amended Order Granting Temporary Injunction, signed on May 20, 2021.

Cause No. 14-20-00854-CV.

**A. Does this court have appellate jurisdiction over the Bank's attempted interlocutory appeal of the trial court's order granting the City's motion to strike the Bank's plea in intervention?**

The City has filed a motion to dismiss this appeal to the extent that the Bank seeks to appeal from the trial court's order granting the City's motion to strike the Bank's plea in intervention. The City asserts that no statute provides for such an interlocutory appeal and that this court lacks appellate jurisdiction to review this interlocutory order.

Interlocutory orders are not appealable unless explicitly made so by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). The only statute that the Bank relies on to supply appellate jurisdiction over the trial court's ruling on the City's motion to strike is section 51.014(a)(4) of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West, Westlaw through 2021 C.S.). In section 51.014(a)(4) of the Civil Practice and Remedies Code, the Legislature provides that "a person may appeal from an interlocutory order of a district court . . . . that . . . grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4). This statute provides for an interlocutory appeal from an order denying a motion to dissolve a temporary injunction. *See id*. Nothing in this statute provides for an interlocutory appeal from an order granting a motion to strike a plea in intervention. *See id*. This court has held that such an order is not reviewable by an interlocutory appeal. *See In re N.H.*, No. 14-20-00721-CV, 2020 WL 6791128, at *1 (Tex. App.—Houston [14th Dist.] Nov. 19, 2020, no pet.) (mem. op.); *Barrett v. Barrett*, No. 14-03-00373-CV, 2004 WL 1925972, at *1 (Tex. App.—Houston [14th Dist.] Aug. 31, 2004, no pet.) (mem. op.). A person may not use an appeal under section 51.014(a)(4) of the Civil

Practice and Remedies Code as a vehicle for obtaining an interlocutory appeal of other non-appealable rulings. *See Clark v. Clark*, 638 S.W.3d 829, 837 (Tex. App.—Houston [14th Dist.] 2021, no pet.). The Bank has not cited, and our research has not found, a statute in which the Legislature provides for an interlocutory appeal from an order granting a motion to strike a plea in intervention. We conclude that this court lacks appellate jurisdiction over this appeal to the extent that the Bank seeks to appeal from the order in which the trial court granted the City's motion to strike the Bank's plea in intervention. *See Clark*, 638 S.W.3d at 837–38; *In re N.H.*, 2020 WL 6791128, at \*1; *Barrett*, 2004 WL 1925972, at \*1. Therefore, we grant the City's motion to dismiss, dismiss the Bank's appeal to the extent the Bank appeals the trial court's granting of the City's motion to strike the Bank's plea in intervention, and dismiss the first issue, in which the Bank asserts that the trial court erred in granting this motion. *See Clark*, 638 S.W.3d at 837–38; *In re N.H.*, 2020 WL 6791128, at \*1; *Barrett*, 2004 WL 1925972, at \*1–2.

**B.    Did the trial court err in denying the Bank's motion to dissolve the temporary injunction?**

As to the Bank's appeal of the trial court's order denying the Bank's motion to dissolve the temporary injunction, this court has appellate jurisdiction under section 51.014(a)(4) of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West, Westlaw through 2021 C.S.) (stating that "[a] person may appeal from an interlocutory order of a district court . . . . that . . . overrules a motion to dissolve a temporary injunction"). In its second issue, the Bank asserts that the trial court abused its discretion in denying the Bank's motion to dissolve the temporary injunction. Our scope of review is shaped by the type of order being appealed. *Bishop v. Clawson*, No. 14-11-00219-CV, 2012 WL 19668, at \*2 (Tex. App.—Houston [14th Dist.] Jan. 5, 2012, no pet.) (mem. op.). Unlike in

5

an appeal from a decision on an application for a temporary injunction, when the appeal is from a decision on a motion to dissolve a temporary injunction, this court must presume the record supported the trial court's decision to grant the temporary injunction, and we do not have jurisdiction to consider the propriety of the trial court's temporary-injunction decision. *See id.*; *Cellular Marketing, Inc. v. Houston Cellular Telephone Co.*, 784 S.W.2d 734, 735 (Tex. App.—Houston [14th Dist.] 1990, no writ). Our review of the trial court's order denying dissolution of the temporary injunction is limited to the narrow question of whether that action by the trial court constitutes a clear abuse of discretion. *See De Los Salmones v. Anchor Development Group, LLC*, No. 14-20-00720-CV, 2022 WL 1218541, at *3 (Tex. App.—Houston [14th Dist.] Apr. 26, 2022, no pet.) (mem. op.).

The purpose of a motion to dissolve a temporary injunction is not to give a party the opportunity to relitigate the propriety of the temporary-injunction order. *Id.* at *4. The trial court has the authority to dissolve a temporary injunction upon a showing of changed circumstances. *Id.* Changed circumstances are conditions that alter the status quo existing after the temporary injunction was granted that make the injunction unnecessary or improper. *Id.* Changed circumstances may include an agreement of the parties, newly revealed facts, or a change in the law that make the temporary injunction unnecessary or improper. *Id.* The movant bears the burden to present new evidence establishing changed circumstances. *Id.* A trial court has no duty to reconsider the grant of an injunction if the movant fails to present new evidence showing fundamental error or changed circumstances. *Id.* Therefore, if the Bank failed to submit new evidence showing fundamental error or changed circumstances, we may not hold that the trial court abused its discretion by denying the Bank's motion to dissolve the temporary injunction. *See id.*; *Cellular Marketing, Inc.*, 784 S.W.2d at 735.

6

The appellate record reflects that the Bank did not submit any evidence to the trial court in support of the Bank's motion to dissolve the temporary injunction. On January 12, 2021, the Bank offered evidence regarding its Deed of Trust and Assignment of Rent and Leases on the issue of its plea in intervention and the City's motion to strike this plea. Even treating this evidence as if it were submitted in support of the Bank's motion to dissolve the temporary injunction, the evidence does not constitute new evidence showing fundamental error or changed circumstances. *See De Los Salmones*, 2022 WL 1218541, at *3.

On appeal, the Bank concedes that it offered no evidence in support of its motion to dissolve the temporary injunction. The Bank explains this failure by stating that its motion to dissolve was not set for hearing on January 12, 2021, and therefore, the Bank did not offer any evidence. Neither in the trial court nor on appeal has the Bank asserted that the trial court erred in ruling on the Bank's motion to dissolve without notice, an opportunity to be heard, or an opportunity to present evidence. Therefore, the Bank has waived any complaint in this regard. *See In re Wells Fargo Bank Minnesota, N.A.*, 115 S.W.3d 600, 610 (Tex. App.— Houston [14th Dist.] 2003 [mand. denied], orig. proceeding); *Moreno v. Reliable Insulation, Inc.*, 217 S.W.3d 769, 772 (Tex. App.—Dallas 2007, no pet.).

When the trial court denied the motion to dissolve on January 12, 2021, there was no new evidence before the court showing fundamental error or changed circumstances. *See De Los Salmones*, 2022 WL 1218541, at *4; *Cellular Marketing, Inc.*, 784 S.W.2d at 735. On this record the Bank has not shown that the trial court abused its discretion in denying the Bank's motion to dissolve the temporary injunction. *See De Los Salmones*, 2022 WL 1218541, at *4; *Cellular Marketing, Inc.*, 784 S.W.2d at 735. Therefore, we overrule the second issue.

### III. CONCLUSION

The order in which the trial court granted the City's motion to strike the Bank's plea in intervention is not subject to an interlocutory appeal. Therefore, we grant the City's motion to dismiss, dismiss the Bank's appeal to the extent the Bank seeks to appeal from this order, and dismiss the first issue, in which the Bank asserts that the trial court erred in granting the City's motion to strike the Bank's plea in intervention. The Bank has not shown that the trial court abused its discretion in denying the Bank's motion to dissolve the temporary injunction. Therefore, we affirm the trial court's order denying the Bank's motion to dissolve the temporary injunction.


/s/    Randy Wilson
Justice

Panel consists of Justices Wise, Hassan, and Wilson.