ACCEPTED
03-15-00657-CV
7738683
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/9/2015 10:41:28 AM
JEFFREY D. KYLE
CLERK



**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/9/2015 10:41:28 AM
JEFFREY D. KYLE
Clerk

Kristofer S. Monson
ASSISTANT SOLICITOR GENERAL

(512) 936-1820
KRISTOFER.MONSON@TEXASATTORNEYGENERAL.GOV

November 9, 2015

Jeffrey D. Kyle
Third Court of Appeals
P.O. Box 12547
Austin, Texas 78701

> Re: 03-15-00657-CV *Chris Traylor, as Executive Commissioner of the Texas Health and Human Services Commission v. Diana D., as Next Friend of KD, A Child, et al.*

Dear Mr. Kyle:

Please file this letter on behalf of the Commissioner and Health and Human Services Commission in the above-captioned case. Please file-mark the extra copy and return it to me for my files. By copy of this letter, opposing counsel is being served. Thank you for your assistance in this matter.

TO THE HONORABLE THIRD COURT OF APPEALS:

Before the notice of appeal in this case was filed, Appellants filed a motion to modify the temporary injunction, which is included in the Clerk's Record. *See* CR.674-734. The parties have now filed a response and reply, and there has been a hearing, at which the district court denied the motion to modify. Appellants have already requested that the appellate record be supplemented with the filed documents, and the transcript of the hearing has been filed in a supplemental reporter's record. To ensure that the Court has access to the documents while it considers the Rule 24.4 motion, appellants attach official copies of each document. See Attachment A (Response to Motion to Modify); Attachment B (Reply in Support of Motion to Modify).

The district court denied the motion to modify. Appellants draw the Court's attention to the District Court's explanation of the scope of the injunction, under which he envisions that the Commission will ask the plaintiffs permission before implementing new rates. *See* Supp. RR at 36:17-38:10. The trial court's stated view that the only way that the Commission will be told whether its proposed ratemaking activity violates the injunction is if (1) the plaintiffs disagree with it and (2) the Court determines *post hoc* whether to impose sanctions, is in considerable tension with the standard for temporary injunctive relief. To be enforceable a temporary injunction—indeed any injunction in the Texas system—must "describe in reasonable detail . . . the act or acts sought to be restrained." TEX. R. CIV. P. 683; *Tex. Health & Human Servs. Comm'n v. Advocates for Patient Access, Inc.*, 399 S.W.3d 615, 628-29 (Tex. App.—Austin 2013, no pet.) (vacating portions of temporary injunction that did not adequately put Commission on notice of its obligations under the injunction). $500 is an insufficient bond to cover a temporary injunction that requires a judicial proceeding before the enjoined party knows what it needs to do to comply with the order.

The Commission is challenging the underlying injunction, in part, based on the ambiguities created by the district court's statements on the record. But the issue is also relevant to the Rule 24 motion. Given that this vague order precludes an exercise of a government function and interferes with the implementation of a state-federal Spending Clause arrangement, the court should reevaluate the amount of the bond if it does not conclude that the injunctive relief is preempted.

Sincerely,

/s/ Kristofer S. Monson

Kristofer S. Monson
Assistant Solicitor General

KSM\hld

**A**

| | | |
|---|---|---|
| DIANA D., as next of friend of KD, a child, | § | IN THE DISTRICT COURT |
| KAREN G., as next friend of TG and ZM, | § | |
| children, GUADALUPE P., as next of friend | § | |
| of LP, a child, SALLY L., as next of friend of | § | |
| CH, DENA D., as next friend of BD, a child, | § | |
| OCI ACQUISITION, LLC d/b/a | § | |
| CARE OPTIONS FOR KIDS, | § | |
| CONNECTCARE SOLUTIONS, LLC | § | |
| d/b/a CONNECTCARE THERAPY FOR | § | |
| KIDS, ATLAS PEDIATRIC THERAPY | § | |
| CONSULTANTS LLC, and PATHFINDER | § | |
| PEDIATRIC HOME CARE, INC., | § | |
| | § | 200th JUDICIAL DISTRICT OF |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| CHRIS TRAYLOR, as EXECUTIVE | § | |
| COMMISSIONER of TEXAS | § | |
| HEALTH AND HUMAN SERVICES | § | |
| COMMISSION, and TEXAS | § | |
| HEALTH AND HUMAN SERVICES | § | |
| COMMISSION, | § | |
| | § | |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

## RESPONSE TO DEFENDANTS' MOTION TO MODIFY TEMPORARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

1.      This Court should deny Defendants' Motion to Modify Temporary Injunction (the "Motion") because it fails to establish any fundamental error or changed circumstances since the Court issued its injunction. Further, Defendants have appealed the Court's order, ensuring that it will be reviewed by a higher court. Revisiting the order at the trial level — which will inevitably lead to another appeal to be combined with Defendants' first appeal — is at best a needless duplication of judicial resources, and at worst an inappropriate contrivance to avoid the rules controlling the review of interlocutory orders. But most fundamentally, this Court has already

considered Defendants' arguments and found them to have no merit. For all of these reasons, the Court should deny the Motion.

## I.     <u>NO FUNDAMENTAL ERROR OR CHANGED CIRCUMSTANCES</u>

2.      "A trial court may modify a temporary injunction because of fundamental error or changed circumstances but has no duty to reconsider the grant of a temporary injunction if the movant fails to present new evidence showing fundamental error or changed conditions." *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 580 (Tex. App.—Austin 2000, no pet.). "Fundamental error exists when 'the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas.'" *Id.* (quoting *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982)). "'Changed circumstances are conditions that altered the status quo existing after the temporary injunction was granted or that made the temporary injunction unnecessary or improper.'" *Id.* (quoting *Henke v. Peoples State Bank*, 6 S.W.3d 717, 721 (Tex. App.—Corpus Christi 1999, pet. dism'd w.o.j.)). The trial court has no duty to reconsider the grant of the injunction if the motion does not allege fundamental error or changed conditions. *Cellular Mktg., Inc. v. Hous. Cellular Tel. Co.*, 784 S.W.2d 734, 735 (Tex. App.—Houston [14th Dist.] 1990, no pet.). "The purpose of the motion to dissolve is to provide a means to show that changed circumstances or changes in the law require the modification or dissolution of the injunction; the purpose is not to give an unsuccessful party an opportunity to relitigate the propriety of the original grant." *Tober v. Turner of Tex.*, 668 S.W.2d 831, 836 (Tex. App.—Austin 1984, no writ).[1]

---

[1] The *Tober* Court stated: "From a practical standpoint, if a litigant could, by motion to dissolve, force reconsideration of the original grant, without a showing of changed conditions, then there is an incentive for him to do so at least once, or more often, in hope that he will be able to wear down the resistance of the original trial judge, or in hope that he will be able to secure a hearing before a different trial judge who may be more sympathetic. Such actions needlessly add to the judicial caseload, both at the trial and appellate level. Recognition of the principle that the trial court has no duty to reconsider the validity of the original grant of temporary injunction upon motion to dissolve enables the trial court to dispose of motions to dissolve solely upon the pleadings when the motion to dissolve, on its face, shows that the litigant offers no new evidence." *Id.* at 835.

**A. No Fundamental Error**

3. Defendants make no allegation of fundamental error.[2] And though Defendants have repackaged their unpersuasive arguments in the Motion, they do not allege any changes to conditions that have altered the status quo ***existing after*** the injunction was granted or that now make the temporary injunction improper. See *Cellular Mktg.*, 784 S.W.2d at 735. Rather, Defendants are attempting to relitigate the propriety of the original grant by presenting hypertechnical arguments that a) contradict their own previous statements and representations; and b) this Court already found unpersuasive.

**B. No Changed Circumstances**

4. Defendants' only "new" evidence is an affidavit of Pam McDonald, who has already given her deposition twice and testified twice at the temporary injunction hearing.[3] Her affidavit contains no information obtained since the original hearing, or any indication that anything has changed since the temporary injunction. It is just a document thrown together "in hope that [Defendants] will be able to wear down the resistance of the original trial judge, or in hope that [they] will be able to secure a hearing before a different trial judge who may be more sympathetic." *Tober*, 668 S.W.2d at 835. As in *Tober*, this Motion needlessly adds to the judicial caseload, both at the trial and potentially the appellate level. *Id.* The Court should dispose of Defendants' Motion solely upon the pleadings because the motion, on its face, shows that the Defendants offer no new evidence. *Id.*

**II.   CIRCUMVENTION OF RULES AND WASTE OF JUDICIAL RESOURCES**

5. "A motion to dissolve may not be used as a means of evading or expanding the rules applicable to appealing interlocutory orders. A statute authorizing an appeal from an

---

[2] Footnote 1 to Defendants' Motion incorporates Defendants' previous jurisdictional objections and procedural objections, but this Court considered and rejected those arguments before issuing its temporary injunction, and Defendants do not appear to re-urge them here.

[3] Defs.' Motion to Modify Temporary Injunction at Ex. 1.

interlocutory order must be given a strict construction since the statute is in derogation of the general rule that only final judgments and orders are appealable." *Tober*, 668 S.W.2d at 835. Defendants have already appealed the Court's temporary injunction.[4] The record has been prepared, and the court of appeals will review the temporary injunction as part of Defendants' accelerated interlocutory appeal. Since these arguments are based on no new facts, they will be available to Defendants at the court of appeals, just as they were available to Defendants at the temporary injunction hearing. Defendants' request that the Court reconsider them again is a needless waste of judicial resources, and this court need not indulge the request. *See id.* ("the trial court will not be deemed to have abused its discretion by refusing to reverse a prior grant of temporary injunction, absent pleading and proof of changed conditions . . . or perhaps upon pleading and proof of fundamental (i.e. jurisdictional) error . . .") (internal citations omitted).

### III.  NO BASIS FOR MODIFICATION

6.      Should the Court nevertheless be inclined to consider Defendants' Motion, it will see that each point raised is without merit. Defendants appear to have re-articulated five different arguments in support of modifying the injunction. First, they claim that their own rule requiring cost studies to be performed does not apply to this rate change because Defendants have decided not to use the word "periodic" in their arguments anymore.[5] Next, Defendants argue that a different provision of their rule allows them to dodge cost studies in the name of adjusting rates "within available funding."[6] Alternatively, Defendants claim that section 531.021 of the Texas Government Code gives them an alternative basis to adjust rates outside of their own rules.[7] And though they do not mention it specifically in their Motion, Defendants have inserted a legal argument into Ms. McDonald's affidavit, suggesting that the temporary injunction improperly

---

[4] Defs.' Notice of Appeal, Oct. 15, 2015.
[5] Defs.' Motion at ¶1–2, 7–8.
[6] *Id.* at ¶3.
[7] *Id.* at ¶17–18.

relies on chapter 353 of the Texas Administrative Code, which only applies to Medicaid Managed Care.[8] Finally, also unmentioned in Defendants' Motion but shoehorned into Ms. McDonald's affidavit is a claim that the injunction may hamper Defendants' ability to participate in various other initiatives and programs related to Medicaid coding, and that performing the cost studies required by their own rules will be expensive.[9] These arguments are not new, nor do they have merit.

## A.    "Periodic" Rate Reviews

7.     Defendants claim that the rate adjustments this Court has enjoined are the result of a legislative directive, are not "periodic," and therefore fall outside the scope of Rule 355.8021(a)(2)(B). This argument is too clever by half.

8.     Rule 355.8021(a)(2)(B) reads:

> HHSC may conduct periodic rate reviews that **will include**, but not be limited to, payments for as well as **the costs associated with** providing these Medicaid-reimbursable therapy, nursing, and aide services. HHSC may seek input from contracted home health services providers and other interested parties in performing this review.

1 TEX. ADMIN. CODE § 355.8021(a)(2)(B) (emphasis added).

9.     "Periodic" means:

> 1. Recurring at intervalsJ of time; 2. Occurring or appearing at regular intervals; 3. repeated at irregular intervals; intermittent; . . .[10]

10.    Thus, a rate review done at the direction of the legislature is still a periodic rate review because it is "repeated at irregular intervals, intermittent . . ." HHSC may have discretion as to when and how often to perform a rate review, but any rate review is by definition a periodic rate review.

---

[8] *Id.* at Ex. 1, ¶10.
[9] *Id.* at Ex. 1, ¶12–16.
[10]    Periodic. (n.d.). *Dictionary.com Unabridged*. Retrieved October 22, 2015, from Dictionary.com website: http://dictionary.reference.com/browse/periodic.

11.     In making this argument, Defendants have outsmarted themselves. The Court need look no further than the July 20, 2015 Proposed Rates for proof. In HHSC's summary of its proposal, it notes that "HHSC reviews the Medicaid reimbursement rates for all acute care services **every two years**. These **biennial** reviews result in rates that are increased, decreased, or remain the same."[11] HHSC goes on to announce that "The specific administrative rules that govern the establishment of the fees in this proposal include these rules in 1 TAC: §355.8021 . . ."[12] Defendants' admission that the disputed rates are the result of a review undertaken every two years destroys their argument that the rates are not part of a periodic rate review. The Court should ignore Defendants' imagined distinction between this set of rates and any other rates HHSC proposes.

**B.     Funding Is Available**

12.     Though they spend little time on it, Defendants apparently claim Rule 355.8021(a)(3), which instructs HHSC to adjust payments within available funding, allows Defendants to ignore the requirements of Rule 355.8021(a)(2). The Court can disregard this argument based on the evidence of HHSC's own Richard Allgeyer, Director of HHSC's Center for Strategic Decision Support. The Court will recall Mr. Allgeyer's testimony at the temporary injunction hearing, during which he stated that there are no consequences to HHSC's exceeding its budget. "[B]ecause Medicaid is an entitlement, if we run out of our appropriation, they will give us a supplemental appropriation next session. They won't like it, but they will, and they almost always do because this is a lot of money."[13] HHSC will simply obtain supplemental funding if necessary.

---

[11] "Background" section of the July 20, 2015 Proposed Rates, which are attached as Ex. A to the Court's September 25, 2015 Order Granting Temporary Injunction and Denying Supersedeas (emphasis added).
[12] *Id.*
[13] Hr'g on Defendants' Mot. for Plea to the Jurisdiction and Pls.' Mot. for Temporary Inj., 4 R. R. at 240:7–11.

13.     But more directly, Rule 355.8021(a)(3) is not an alternative  to Rule 355.8021(a)(2). It is a further condition. Sections (a)(1), (a)(2), and (a)(3) must all be followed when HHSC adjusts its rates. This argument is a non-starter.

**C.     Texas Government Code § 531.021 Applies to *Rules*, Not Rates**

14.     Defendants would next dodge Rule 355.8021 by claiming that Texas Government Code § 531.021 provides HHSC with a choice of paths to take when adjusting rates, only one of which is Rule 355.8021. Section 531.021, however, does not give Defendants a way to determine fees, charges, and rates for Medicaid payments, but rather specifies the ways for Defendants to "adopt reasonable rules and standards" for such determinations. TEX. GOV'T CODE § 531.021(b-1).

15.     As part of that rule adoption process, Section 531.021(e) clarifies that the commission, "[n]otwithstanding any other provision" of certain statutes and regulations, may adjust fees "in a manner consistent with the considerations described by Subsection (d)." *Id.* at § 531.021(e). Subsection (d) describes four such considerations:

(1) formulas, procedures, or methodologies prescribed by the commission's rules;
(2) applicable state or federal law, policies, rules, regulations, or guidelines;
(3) economic conditions that substantially and materially affect provider participation in Medicaid, as determined by the executive commissioner; or
(4) available levels of appropriated state and federal funds.

*Id.* at § 531.021(d).

16.     Defendants presumably would point to consideration (3), arguing that the executive commissioner can adjust rates if he determines — by no defined means or rationale — that economic conditions warrant them, and the Court should modify the temporary injunction to allow him to make such arbitrary decisions ignoring HHSC's own rules.[14] But, of course, Section

---

[14] Plaintiffs presume that Defendants would rely on condition (3) to support the arbitrary rate cuts they ask the Court to carve out of its injunction because there can be no doubt that such cuts without a cost study would not be in

531.021 permits no such thing. The four factors in Subsection (d) are considerations the executive commissioner may take "in adopting rules and standards required by Subsection (b-1)." *Id.* Subsection (b-1) instructs the executive commissioner to "adopt reasonable standards governing the determination of fees, charges, and rates for Medicaid payments." *Id.* at § 531.021(b-1). So Section 531.021 describes the executive commissioner's power to adopt **rules,** such as Rule 355.8021, to be used to set **rates**.[15] Section 531.021 has nothing to do with setting rates themselves.

17.     That Section 531.021 authorizes Defendants to adopt a new rule in accordance with specified considerations does not change Defendants' obligation to follow their own existing rules, or the fact that failing to do so constitutes a de facto promulgation of a new rule. It certainly should not cause this court to modify its injunction preventing further violations of Rule 355.8021.

**D.     Texas Administrative Code Chapter 353 is a Red Herring**

18.     In her affidavit, Ms. McDonald suggests that the temporary injunction improperly relies on chapter 353 of the Texas Administrative Code, which only applies to Medicaid Managed Care.[16] While it is true that the rules in chapter 353 of the Texas Administrative Code apply only to Medicaid Managed Care, there is no such limitation on chapter 355, which is where Rule 355.8021 resides. This statement, while true, does not impact the Court's prior application of the law to the facts of this case.

---

accordance with: (1) the commission's rules (e.g. Rule 355.8021); (2) applicable state rules (again, Rule 355.8021); or (4) available levels of appropriated state and federal funds (*see* Section IV.B., *supra*).

[15] And, as Defendants have tirelessly trumpeted, **rates are not rules**. *See, e.g.*, Defs.' Br. in Support of Plea to the Jurisidiction at §II; Defs.' First Am. Br. in Support of Plea to the Jurisidiction at §II.

[16] Defs.' Motion at Ex. 1, ¶10.

**E.     Code Maintenance and Unsubstantiated Cost Increases Do Not Excuse Defendants from Following their Rules**

19.     Finally, Ms. McDonald lists four tasks or projects currently underway in her department that she claims the injunction will "hamper and obstruct," apparently because she has concluded that it will take 24 months to implement a full cost report procedure to comply with Rule 355.8021.[17]

20.     As a preliminary matter, Plaintiffs note that Ms. McDonald's affidavit does not state that any required changes to HCPCS billing codes or NCCI codes implicate the reimbursement rates for physical, occupational, and speech therapy services that are the subject of the Court's injunction. Plaintiffs do not believe that those rates are implicated, and the Court certainly has been provided no evidence of any such implication.

21.     In addition, setting aside that Ms. McDonald points to no statute or rule requiring her to complete these projects — and certainly not one authorizing her to ignore other commission rules to do so — if the absence of a cost study required by Rule 355.8021 prevents Ms. McDonald from completing these tasks or projects, it is all the more reason for Defendants to bring themselves in compliance with Rule 355.8021.[18]

## IV.     PRAYER

22.     For the above reasons, Plaintiffs ask the Court to deny Defendants' Motion to Modify Temporary Injunction solely upon the pleadings because the motion, on its face, shows that the Defendants offer no new evidence of changed circumstances or fundamental error. Alternatively, Plaintiffs ask the Court to deny Defendants' motion because any new evidence

---

[17] *Id.* at Ex. 1, ¶12–16.

[18] Moreover, there is little information in Ms. McDonald's affidavit to support her claim that, if a "full cost report procedure, with audits required," is actually necessary under Rule 355.8021, it will cost anywhere near what Ms. McDonald's estimates.

Defendants have offered fails to warrant a revision to the temporary injunction, and for such other and further relief to which Plaintiffs may show themselves entitled.

Respectfully submitted,

**RICHARDS RODRIGUEZ & SKEITH**
816 Congress Avenue, Suite 1200
Austin, Texas 78701
Telephone: 512-476-0005
Facsimile: 512-476-1513

By: _____
DANIEL R. RICHARDS
State Bar No. 00791520
drichards@rrsfirm.com
BENJAMIN H. HATHAWAY
State Bar No. 09224500
bhathaway@rrsfirm.com
CLARK RICHARDS
State Bar No. 90001613
crichards@rrsfirm.com
CHASE C. HAMILTON
State Bar No. 24059881
chamilton@rrsfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been delivered to the following counsel of records on this, the 2nd day of November 2015 by electronic notification and e-mail:

Marc Rietvelt
Sara Casey
Eugene A. Clayborn
Andrew Lutostanski
Assistant Attorney General
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

_____
Daniel R. Richards

**B**

11/4/2015 8:24:56 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-15-003263
Tamara Franklin

CAUSE NO. D-l-GN-15-003263

| | | |
|---|---|---|
| DIANA D., as next of friend of KD, a child, KAREN G., as next friend of TG and ZM, children, GUADALUPE P., as next of friend of LP, a child, SALLY L., as next of friend of CH, DENA D., as next friend of BD, a child, OCI ACQUISITION, LLC d/b/a CARE OPTIONS FOR KIDS, CONNECTCARE SOLUTIONS, LLC d/b/a CONNECTCARE THERAPY FOR KIDS, ATLAS PEDIATRIC THERAPY CONSULTANTS LLC, and PATHFINDER PEDIATRIC HOME CARE, INC., | § § § § § § § § § § § § | IN THE DISTRICT COURT |
| | § | 200TH JUDICIAL DISTRICT OF |
| Plaintiffs, | § § | |
| v. | § § | |
| CHRIS TRAYLOR, as EXECUTIVE COMMISSIONER of TEXAS HEALTH AND HUMAN SERVICES COMMISSION, and TEXAS HEALTH AND HUMAN SERVICES COMMISSION, | § § § § § § § | |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

---

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO MODIFY TEMPORARY INJUNCTION**

---

Defendants file this reply in support of their Motion to Modify Temporary Injunction:

1.     Defendants allege fundamental error in the Temporary Injunction signed on September 25, 2015, which directly and adversely affects the public interest as that interest is declared in a statute or the Texas Constitution.

2.     Here, as in the Motion to Modify, the statutes at issue include:

a)      Rider 50 of the General Appropriations Act; and

b)      Texas Government Code § 531.021.

3.      In particular, Rider 50 provides the appropriated level of state funds, and Government Code Section 531.021(e) provides that "[n]otwithstanding any other provision of . . . this Chapter," HHSC may adjust the fees, charges, and rates as necessary to achieve the objectives of Medicaid consistent with, among other things:

(2)      applicable state or federal law, policies, rules, regulations, or guidelines; [or]

. . .

(4)      available levels of appropriated state and federal funds.

*See* TEX. GOV'T CODE § 531.021(d), (e); *see also* 1 TEX. ADMIN. CODE § 355.201(d).

4.      The Temporary Injunction, at page 10, effects mandatory injunctive relief that HHSC must conduct a review of payments and review of costs associated with the reimbursement methodology for home health services in Section 355.8021(a)(2)(B), before it takes "*any* action to propose or implement *any* change" in reimbursement rates for physical, occupational, and speech therapy services under the Texas Medicaid program. Therefore, the order as written is overbroad, enjoins lawful acts, and has directly and adversely affected a public interest in the appropriation and use of public funds as declared in Rider 50 and state law.

5.      Accordingly, Defendants respectfully request this Court grant their Motion and make the specific modifications to the Temporary Injunction as requested.

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division


<u>  /s/ Marc Rietvelt          </u>
MARC RIETVELT
Texas Bar No. 24043892
EUGENE A. CLAYBORN
Texas Bar No. 00785767
ANDREW LUTOSTANSKI
Texas Bar No. 24072217
Office of the Texas Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 (Fax)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing document has been sent by email, and to the electronic filing service provider, providing service of same on this the 4th day of November 2015, to the following:

Daniel Richards
drichards@rrsfirm.com
Benjamin H. Hathaway
bhathaway@rrsfirm.com
Chase Hamilton
chamilton@rrsfirm.com
RICHARDS RODRIGUEZ & SKEITH
816 Congress Avenue, Suite 1200
Austin, Texas 78701
Attorneys for Plaintiffs

           */s/ Marc Rietvelt*
           MARC RIETVELT