Opinion issued December 12, 2013



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00329-CV

———————————

## KEVIN CONLIN AND KATHRYN CONLIN, Appellants

## V.

## DARRELL HAUN AND SOLARCRAFT, INC., Appellees

On Appeal from the 434th District Court
Fort Bend County, Texas
Trial Court Cause No. 09-DCV-169352

## O P I N I O N

Appellants Kevin and Kathryn Conlin bring this interlocutory appeal of the

trial court's order denying their Motion to Declare Void or Alternatively, Dissolve

Temporary Injunction.[1]  We conclude that the temporary injunction should have been dissolved because it does not comply with Texas Rule of Civil Procedure 683, and accordingly, we reverse.

**Background**

Solarcraft, Inc., a company that designs and manufactures solar power products, was incorporated in March 1994, and initially had two directors and shareholders: Kevin and Kathryn Conlin.  In September 2005, Darrell Haun acquired 51% of the shares of Solarcraft.  Contemporaneously, the Conlins signed employment agreements with Solarcraft.  The employment agreements included a non-compete provision that provided "[f]or 3 years following termination of employment, Employee agrees not to, directly or indirectly, engage in any business which is competitive with the business of Solarcraft in the United States of America."

In February 2009, Haun and Solarcraft, Inc. (collectively, "Haun") sued the Conlins, alleging they violated their non-compete agreements.  Haun sought to enjoin the Conlins from competing with Solarcraft and from having access to Solarcraft facilities and information.  The trial court issued a temporary restraining

---

[1]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2013) (authorizing interlocutory appeal of order denying motion to dissolve temporary injunction).

2

order as requested by Haun on February 2, 2009.

On February 19, 2009, the trial court heard Haun's application for a temporary injunction. However, before the trial court ruled on the application, the parties informed it that they had reached an agreement regarding temporary injunctive relief. On February 24, 2009, the trial court signed an order titled "Agreed Temporary Injunction," which enjoined the Conlins from competing with Solarcraft in various ways, and enjoined Haun from tampering with Solarcraft records and data, including financial records. The order stated that it was effective "until the trial of this cause, or further order of this Court." It contained a blank in which the trial setting date could be written, but the blank was not filled in.

On July 23, 2009, the Conlins moved to dissolve the temporary injunction. They contended that the injunction should be dissolved because (1) it was void under Texas Rule of Civil Procedure 683 because it failed to state the reasons for its issuance and set a date for trial, and (2) Kathryn's three-year covenant not to compete had expired. The parties agree that the trial court orally denied the motion on October 9, 2009, but the record contains no written order on this motion.

More than three years later, on February 27, 2013, the Conlins filed a second motion to dissolve the temporary injunction. The Conlins argued, as they had in their 2009 motion to dissolve, that the agreed temporary injunction order was void

3

under Texas Rule of Civil Procedure 683 because it failed to state the reasons for its issuance and failed to set the case for trial. They also argued that changed circumstances warranted the dissolution of the temporary injunction. Specifically, the Conlins argued that because they were forcibly removed from Solarcraft on February 2, 2009, the three-year covenants not to compete expired, at the latest, on February 2, 2012, and therefore there was no remaining basis for enjoining them from competing with Solarcraft. In addition, the Conlins argued that they had sold all of their shares in Solarcraft to Haun on January 19, 2013, and they now held no interests in Solarcraft. After a hearing on April 1, 2013, at which the trial court orally denied the Conlins' motion, the trial court signed a written order denying the motion to dissolve on April 15, 2013. The Conlins filed a notice of appeal from the trial court's denial of the motion on April 8, 2013.

## Discussion

The Conlins raise two issues on appeal. First, they argue that the agreed temporary injunction order is void for failure to state the reasons for its issuance or set the cause for trial, as required by Texas Rule of Civil Procedure 683. Second, and alternatively, they argue the trial court abused its discretion in refusing to modify or dissolve the temporary injunction because no basis for the injunction

4

remained after the Conlins' non-compete agreements expired and the Conlins sold their ownership interest in Solarcraft.

Haun does not dispute that the temporary injunction order does not comply with the requirements of Rule 683. Instead, Haun argues that (1) we lack jurisdiction because the Conlins failed to appeal within 20 days after the trial court denied the Conlins' first motion to dissolve in 2009, and (2) the Conlins are estopped from challenging the temporary injunction order because they agreed to it. We address Haun's challenge to our jurisdiction before turning to the merits.

## A. Jurisdiction

Haun contends that the Conlins' appeal was untimely because their notice of appeal was not filed within 20 days of the date the trial court denied their first motion to dissolve in 2009. He contends "[b]ecause they failed to timely appeal the denial of their first Motion To Dissolve Temporary Injunction in October of 2009, the Conlins waived any errors regarding compliance with TRCP 683, as well as any other matters raised in this appeal that also existed at the time their first motion to vacate was denied." But Haun cites no authority—and we can find none—to support his contention that a party may appeal only from the denial of his first motion to dissolve an injunction. The cases Haun cites do not support that contention. They merely stand for the proposition that, when an appellate court

5

reviews a trial court's order on a motion to dissolve a temporary injunction, it reviews the trial court's decision to grant or deny the motion to dissolve, and not the trial court's original decision to grant a temporary injunction. *See BS & B Safety Sys., Inc. v. Fritts*, No. 01-98-00957-CV, 1999 WL 447605, at \*2 (Tex. App.—Houston [1st Dist.] June 17, 1999, no pet.) (not designated for publication); *Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 834 (Tex. App.—Austin 1984, no writ); *Marshall v. Good Times, Inc.*, 537 S.W.2d 536, 538 (Tex. Civ. App.—Fort Worth 1976, writ dism'd).

The interlocutory appeal of an order denying a motion to dissolve a temporary injunction is an accelerated appeal, and accordingly, the notice of appeal must be filed within 20 days of the date of the order denying the motion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2013); TEX. R. APP. P. 26.1(b), 28.1(a). Here, the Conlins filed their notice of appeal on April 8, 2013, one week after the trial court orally denied the second motion and one week before the trial court signed its order. The notice of appeal was timely filed, and accordingly, we have jurisdiction over the appeal. *See* TEX. R. APP. P. 27.1(a) ("In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal.").

## B. Failure to Comply with Rule 683

### 1. Applicable Law and Standard of Review

Texas Rule of Civil Procedure 683 requires that an order granting a temporary injunction state the reasons for its issuance and set the cause for trial on the merits. *See* TEX. R. CIV. P. 683; *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). "These procedural requirements are mandatory, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved." *Qwest*, 24 S.W.3d at 337; *see InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (stating that requirements of Rule 683 are mandatory and must be strictly followed); *In re Corcoran*, 343 S.W.3d 268, 269 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) ("Agreed Mutual Temporary Injunction" order was void because it did comply with Rule 683); *In re Garza*, 126 S.W.3d 268, 273 (Tex. App.—San Antonio 2003, orig. proceeding) (temporary injunction order that does not comply with Rule 683 is void); *Kaufmann v. Morales*, 93 S.W.3d 650, 656 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("This provision [in Rule 683] is mandatory; a failure to include a trial setting is grounds for voiding the injunction.").

The trial court has broad discretion to grant or deny a motion to dissolve a temporary injunction. *Tex. State Optical, Inc. v. Wiggins*, 882 S.W.2d 8, 11–12

(Tex. App.—Houston [1st Dist.] 1994, no writ) (citing *Cellular Mktg. v. Houston Cellular Tel. Co.*, 784 S.W.2d 734, 735 (Tex. App.—Houston [14th Dist.] 1990, no writ). On appeal, our review is limited to the narrow question of whether the trial court abused its discretion in denying the motion to dissolve. *Cellular Mktg.*, 784 S.W.2d at 735. A trial court abuses its discretion only if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Intercontinental Terminals Co. v. Vopak N. Am., Inc.*, 354 S.W.3d 887, 892 (Tex. 2011).

### 2. Analysis

Haun acknowledges that the temporary injunction order does not comply with Rule 683, but argues the Conlins are estopped from challenging it because they agreed to it. The San Antonio court of appeals considered a nearly identical argument in *In re Garza*, 126 S.W.3d 268 (Tex. App.—San Antonio 2003, orig. proceeding) and rejected it, holding that an agreed temporary injunction order that does not comply with Rule 683 is "fatally defective and void" and that "a party who agrees to a void order has agreed to nothing." 126 S.W.3d at 271. Accordingly, the court held that the agreed temporary injunction order at issue in that case was void. *Id.* at 273. In so holding, *In re Garza* explicitly rejected another case relied upon by Haun, *Henke v. Peoples State Bank of Halletsville*, 6

8

S.W.3d 717 (Tex. App.—Corpus Christi 1999, pet. dism'd w.o.j.), which held that, while failure to comply with Rule 683 was fundamental error, the fact that the appealing party had agreed to the order meant the party was estopped from challenging the order based on that error.

Haun argues that *In re Garza* "fails to follow one Texas Supreme Court case and clearly misinterprets another case" and "is not binding on this Court." The first Texas Supreme Court case Haun references, *Reiss v. Reiss*, 118 S.W.3d 439 (Tex. 2003), did not address the validity of temporary injunction orders in any way. The *In re Garza* court specifically considered whether *Reiss* controlled and concluded it did not. 126 S.W.3d at 273. The second Texas Supreme Court case, *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334 (Tex. 2000), held that a temporary injunction order that does not comply with the mandatory requirements of Rule 683 is "subject to being declared void and dissolved." *Id.* at 337. Haun argues this means that the agreed order in this case is merely voidable, and not void, and that a party who has agreed to a voidable order may not attack that order on appeal. The *In re Garza* court rejected this argument, holding that *Qwest* clearly stated that an order that failed to comply with Rule 683 was void. *In re Garza*, 126 S.W.3d at 273.

Our sister court, the Fourteenth Court of Appeals, has followed *In re Garza* and held that an "Agreed Mutual Temporary Injunction" order that did not comply with the mandatory requirements of Rule 683 was void and must be dissolved. *See In re Corcoran*, 343 S.W.3d at 269. We likewise find *In re Garza* persuasive and follow it and *In re Corcoran* here. Accordingly, the Conlins are not estopped from complaining about the "Agreed Temporary Injunction" order's failure to comply with the mandatory requirements of Rule 683. Here, it is undisputed that the order does not set the case for trial. Accordingly, we conclude the Agreed Temporary Injunction must be dissolved. *See Intercontinental Terminals Co.*, 354 S.W.3d at 892; *Qwest*, 24 S.W.3d at 337; *In re Corcoran*, 343 S.W.3d at 269; *In re Garza*, 126 S.W.3d at 273; *Kaufmann*, 93 S.W.3d at 656.

We sustain the Conlins' first issue. Because we have concluded that the temporary injunction order must be dissolved, we do not reach the Conlins' second issue.

10

## Conclusion

We reverse the trial court's order denying the Conlins' motion to dissolve and remand with instructions to the trial court to dissolve the temporary injunction. All pending motions are denied as moot.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.