**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:      Richard Swaim Individually and as Administrator of the Estate of
                          Karen Swaim v. Nannette Real Estate Holdings, L.L.C. and Charles
                          Rayford Glover

Appellate case number:    01-19-00065-CV

Trial court case number:  1113301

Trial court:              County Civil Court at Law No. 4 of Harris County

Appellant has filed an accelerated appeal from the trial court's January 7, 2019 order granting a temporary injunction. The clerk's record filed on February 4, 2019 contains this order and a review of that order indicates that it does not contain a trial setting.

Texas Rule of Civil Procedure 683 requires a temporary injunction order to state the reasons for its issuance and to set the cause for trial on the merits. *See* TEX. R. CIV. P. 683; *Conlin v. Haun*, 419 S.W.3d 682, 685–86 (Tex. App.—Houston [1st Dist.] 2013, no pet.). The procedural requirements in Rule 683 are mandatory and if the temporary injunction order does not meet these requirements, it is "subject to being declared void and dissolved." *Conlin*, 419 S.W.3d at 686 (citing *Qwest Commc'ns Corp. v. AT & T*, 24 S.W.3d 334, 337 (Tex. 2000)). An appellate court has no jurisdiction to review the merits of a void order. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012). If the order is void, our jurisdiction is limited to determining whether the order is void, and if it is determined to be void, the Court must vacate it and dismiss the appeal. *See id.* at 624.

Accordingly, the Court asks the parties to file a response **within 10 days of the date of this order**, with citation to the clerk's record and to authority, whether the January 7, 2019 order is void.

It is so ORDERED.


Judge's signature: ___/s/ Justice Richard Hightower_____
                              ☑ Acting individually     ☐ Acting for the Court

Date:   __February 21, 2019_____