

# NUMBER 13-19-00265-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

VANTAGE BANK TEXAS,                                    Appellant,

v.

CHRISTOPHER GONZALEZ,                                    Appellee.

**On appeal from the 107th District Court
of Cameron County, Texas.**

# NUMBER 13-19-00371-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**CHRISTOPHER GONZALEZ,**                                   **Appellant,**

**v.**

**VANTAGE BANK TEXAS F/K/A INTER
NATIONAL BANK AND PRESTIGE
LUXURY HOMES, LLC,**                       **Appellees.**

---

### On appeal from the 107th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Memorandum Opinion by Justice Perkes

In appellate cause number 13-19-00265-CV, Vantage Bank Texas (Vantage) has appealed a temporary injunction rendered against it in favor of plaintiff below, Christopher Gonzalez (Gonzalez). In appellate cause number 13-19-00371-CV, Gonzalez has filed an interlocutory appeal contending that the trial court erred in denying his motion for emergency relief requesting the dissolution of the trial court's initial temporary injunction and application for a new temporary injunction against Vantage and Prestige Luxury Homes, LCC (Prestige).[1] Because the matters in both appeals are related, we issue this single memorandum opinion addressing both appellate causes in the interest of judicial efficiency.

---

[1] Prestige did not file an appellee's brief in this matter. *See* TEX. R. APP. P. 38.6(b).

2

We conclude that the temporary injunction in appellate cause number 13-19-00265-CV is void for noncompliance with Texas Rules of Civil Procedure 683 and 684, and accordingly, we reverse and remand. *See* TEX. R. CIV. P. 683, 684. For reasons as stated herein, we dismiss as moot in part and affirm in part in appellate cause number 13-19-00371-CV.

## I. BACKGROUND

In early 2017, Gonzalez executed a residential construction contract and note[2] with Prestige "in the amount of $246,331.00, payable to the order of [Prestige] and assigned therein to [Vantage]," formerly operating as Inter National Bank. Under the construction contract, Prestige would build a custom home on Gonzalez's property in Cameron County. For reasons disputed by all involved parties, the home was not built within the contracted timeframe of nine months.

### A. Hidalgo County Lawsuit

On May 6, 2018, Prestige sent Gonzalez a notice of contract termination, claiming Gonzalez had breached the builder's contract. Prestige filed suit against Gonzalez nine days later in Hidalgo County, pleading breach of the duty of good faith, breach of contract, and negligence, among other causes.[3] On June 11, 2018, Gonzalez filed an original

---

[2] The note contained the following security provision:

This Note is secured by [Gonzalez's residential property in Cameron County]. As further security for this Note, Borrower grants the Note Holder a lien and contractual rights offset in and to all borrower's money and property now or at any time hereafter coming within the custody or control of the Note Holder. . .

This Note is further secured by a Deed of Trust of even date herewith, to Michael H. Patterson, Trustee, covering the real property described to wit: [Gonzalez's residential property in Cameron County].

[3] Vantage was also named as a co-defendant in the suit.

3

answer, a counterclaim against Prestige, a crossclaim against Vantage, and a third party claim against employees of Prestige, asserting "claims for breach of contract, breach of the common law duty of good faith and fair dealing, breach of warranty, fraud, forgery, unconscionability, and violations of section 17.46(b) of the Texas [Deceptive Trade Practices Act (DTPA)]." Gonzalez specifically claimed that Prestige failed to construct the home within the contracted nine-month period and asserted that any delay of the construction was caused by Prestige's "intentional nonpayment of subcontractors and/or vendors and failure to cooperate with [Vantage] and Gonzalez." Gonzalez additionally complained that Prestige forged his signature on several checks and that Vantage "allowed the forged checks to be approved due to their gross negligence." The Hidalgo County lawsuit remains pending.

**B.    Cameron County Lawsuit and Temporary Injunction**

On January 2, 2019, Prestige foreclosed on the property and sent Gonzalez a notice to vacate on May 6, 2019, threatening a forcible detainer action. Gonzalez then filed suit against Prestige and Vantage in Cameron County—the case before this Court.

In his original petition, Gonzalez broadly alleged he "holds valid claims for damages against Prestige and Vantage bank in an amount no less than $200,000.00, but no more than $1,000,000.00 and intend[s] to amend petition with newly discovered information concerning claims and pending trial on the merits."[4] Gonzalez sought a

---

[4] Gonzalez amended his petition to allege specific claims after Vantage filed its notice of appeal in appellate cause number 13-19-00265-CV. Claims included "Negligence, Common Law Conversion, Not Properly Payable, [and] DTPA violations."

temporary restraining order and temporary and permanent injunctive relief against

Vantage and Prestige to prohibit the two from:

> (a) conducting a foreclosure sale, trustee's sale, or substitute trustee's sale on Gonzalez property; (b) taking any action—including posting or reposting any notice of sale, notice of trustee's sale, notices of substitute trustee's sale, or notice of foreclosure sale—to further any efforts to conduct a sale, foreclosure sale, trustee's sale, or substitute trustee's sale of Gonzalez completed property; taking any action to evict, remove Gonzalez from [his] property.

On May 23, 2019, following a hearing on the temporary injunction, the trial court

granted Gonzalez's requested relief. The temporary injunction order, in its entirety, reads

as follows:

> On the 23rd day of May 2019, after having heard arguments by the parties, the court finds that, CHRISTOPHER GONZALEZ, Petitioner is entitled to Temporary Injunction and granted a temporary injunction prohibiting Vantage Bank Texas and Prestige Luxury Homes, LLC from (a) conducting a foreclosure sale, trustee's sale, or substitute trustee's sale on Gonzalez property; (b) taking any action—including posting or reposting any notice of sale, notice of trustee's sale, notices of substitute trustee's sale, or notice of foreclosure sale—to further any efforts to conduct a sale, foreclosure sale, trustee's sale, or substitute trustee's sale of Gonzalez property; taking any action to evict, remove Gonzalez from said property [address].
>
> The Court further finds that the TEMPORARY INJUNCTION ORDER, shall remain in effect until MARCH 18TH, 2020 and that the Respondent continues to be restrained from the commission of the acts prohibited below.
>
> APPLICATION OF TEMPORARY INJUNCTION
>
> 1. On the basis of the application, the Court has ordered the issuance of a temporary injunction because it appears to the Court that, unless you, your agents and assigns are restrained as ordered, Gonzalez will be irreparably harmed because default collections have commence[d], evictions have commence[d], and foreclosure will occur, ultimately calling for the loss of Mr. Gonzalez['s] rights to the property.
>
> 2. You, your agents and assigns are therefore commanded to obey the order of this Court prohibiting [Vantage], Prestige, and their attorneys, agents, and assigns from (a) conducting a foreclosure sale, trustee's sale,

or substitute trustee's sale of [residence address], said property in dispute; (b) taking any action—including posting or re-posting any notice of sale, notice of trustee's sale, notices of substitute trustee's sale, or notice of foreclosure sale—to further any efforts to conduct a sale, foreclosure sale, trustee's sale or substitute trustee's sale of Gonzalez homestead property; taking action to remove Gonzalez from said property.

Vantage filed notice of interlocutory appeal on June 6, 2019.

## C. Gonzalez's Emergency Motion

On July 23, 2019, while Vantage's appeal was pending and one day after Gonzalez filed his first amended petition, Gonzalez filed an "Emergency Motion" in the trial court, requesting that the court dissolve its temporary injunction order and grant his application for a new temporary injunction. In his motion, Gonzalez argued that the issued temporary injunction order was noncompliant with Texas Rules of Civil Procedure 683. *See* TEX. R. CIV. P. 683 (requiring that the order contain a date "setting the cause for trial on the merits").

The trial court held a hearing on Gonzalez's motion on July 25. No witnesses or evidence was presented, and only counsel for the parties provided argument. The trial court ultimately denied Gonzalez's emergency motion, stating: "The injunction that was prayed for by the petitioner that was granted by [the then presiding judge] will remain in place pending appeal. The emergency relief is denied."

Gonzalez appeals the trial court's denial of his emergency motion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (permitting immediate appeal of interlocutory order denying motion to dissolve temporary injunction).

6

## II. Vantage's Appeal

Vantage principally argues that the trial court abused its discretion in its decision to grant a temporary injunction in favor of Gonzalez.

A trial court's granting or denial of a temporary injunction is reviewed for abuse of discretion. *Henry v. Cox*, 520 S.W.3d 28, 33 (Tex. 2017) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)); *InterFirst Bank San Felipe v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex. 1986); *Super Starr Int'l, LLC v. Fresh Tex Produce, LLC*, 531 S.W.3d 829, 838 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). A trial court abuses its discretion if it rules in an arbitrary manner or without reference to guiding rules and principles. *Butnaru*, 84 S.W.3d at 211; *see Sargeant v. Al Saleh*, 512 S.W.3d 399, 409 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (combined appeal & orig. proceeding).

Additionally, Texas Rules of Civil Procedure require every order granting a temporary injunction to: (1) specifically state the reasons for its issuance and state, with reasonable detail and not by reference to the complaint or other document, the acts sought to be restrained; and (2) contain a trial setting date. TEX. R. CIV. P. 683. Further, an applicant must "execute and file with the clerk a bond to the adverse party . . . [b]efore the issuance of the temporary restraining order or temporary injunction." TEX. R. CIV. P. 684. The requirements of rules 683 and 684 are mandatory and must be strictly followed. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam). If a temporary injunction fails to meet these requirements, it is to be declared void and dissolved by the reviewing court. *Id.*; *see Sargeant*, 512 S.W.3d at 409.

7

Having reviewed the order and record, we conclude that the temporary injunction fails to comply with rules 683 and 684. *See* TEX. R. CIV. P. 683, 684. We first observe that the order does not specifically state the reasons for its issuance. While the trial court's order generally concludes that Gonzalez would suffer irreparable harm, it should have recited facts supporting that determination in order to satisfy Rule 683. *See Good Shepherd Hosp., Inc. v. Select Specialty Hosp.–Longview, Inc.*, 563 S.W.3d 923, 928 (Tex. App.—Texarkana 2018, no pet.); *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 744 (Tex. App.—Dallas 2011, no pet.). Since the order did not show "'the facts the trial court relied on,' the finding [of irreparable harm] was improperly conclusory." *Good Shepherd Hosp.*, 563 S.W.3d at 929–30 (quoting *Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 796 (Tex. App.—Dallas 2008, no pet.)); *see also Arkoma Basin Expl. Co. v. FMF Assos. 1990–A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008) (defining "conclusory" as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based").

The order is also without a trial setting—a fact acknowledged by both parties—which also renders it void. *See Qwest,* 24 S.W.3d at 337; *see also In re Corcoran*, 343 S.W.3d 268, 269 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (holding failure to contain a trial date voided the order); *First State Bank of Odem v. Flores*, No. 13-13-00502-CV, 2014 WL 812578, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 27, 2014, no pet.) (mem. op.) (collecting cases concluding the same).

Additionally, Gonzalez failed to execute a bond.[5] Gonzalez filed and posted a $500 bond for the trial court's temporary restraining order, but such bond "does not continue on and act as security for a temporary injunction unless expressly authorized by the trial court." *Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 591 (Tex. App.—Texarkana 2004, no pet.) (holding temporary injunction order void for noncompliance with Rule 683 and 684 when the order neither fixed bond nor "state[d] that the bond previously filed for the temporary restraining order continued as the bond for the temporary injunction"); *see* TEX. R. CIV. P. 684. In this case, the temporary injunction order does not expressly authorize the restraining order bond to serve as security for the temporary injunction, and the record here is devoid of any notice of authorization by the trial court. The order of injunction is therefore "void on its face." *See Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 770 (Tex. App.—Texarkana 2017, pet. dism'd) (quoting *Ex parte Lesher*, 651 S.W.2d 734, 736 (Tex. 1983) (orig. proceeding)).

For the three reasons set forth above, we conclude that the temporary injunction order is void and dissolved. We sustain Vantage's first issue on appeal, and we do not reach Vantage's remaining issues of whether Gonzalez appropriately pleaded and proved the elements necessary to obtain a temporary injunction. *See* TEX. R. APP. P. 47.1; *see also Qwest,* 24 S.W.3d at 337; *see Sargeant*, 512 S.W.3d at 409.

### III.     GONZALEZ'S APPEAL

Gonzalez asserts that the trial court erred in denying his motion for emergency relief. As a preliminary matter, we note that Gonzalez's appeal is moot in-part. Gonzalez's

---

[5] Gonzalez disputes this point in his brief.

9

emergency motion requested that the (1) trial court dissolve its initial temporary injunction order, and (2) issue a new temporary injunction. Having determined that the temporary injunction is void and dissolved, we overrule as moot Gonzalez's issue with respect to his request for dissolution *See Conlin v. Haun*, 419 S.W.3d 682, 687 (Tex. App.—Houston [1st Dist.] 2013, no pet.). We now turn to whether the trial court erred in its denial of Gonzalez's application for temporary injunction against Vantage and Prestige.

To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204. A trial court does not abuse its discretion by denying an application for temporary injunction if the applicant failed to prove one of the requirements for a temporary injunction. *Sargeant*, 512 S.W.3d at 409.

No evidence was presented at the temporary-injunction hearing to support any of Gonzalez's claims.[6] *See id.*; *see also Stewart Beach Condo. Homeowners Ass'n, Inc. v.*

---

[6] Gonzalez claims the trial court did not allow him to put forth evidence in support of his application. Vantage denies Gonzalez's characterization of the record. Having reviewed the record, we conclude that the trial court provided Gonzalez with the opportunity and Gonzalez declined. Prior to issuing a ruling, the court asked Gonzalez if he was "finished," to which Gonzalez responded, "That concludes it." Gonzalez's counsel then waited until after opposing counsel had presented arguments and the trial court had orally issued its order of denial to request an opportunity to supplement the record. The trial court stated, in part, "Now, if you want to present evidence and make a bigger record for another appeal, I'll let you do it, but I'm doing it on legal grounds. Okay? But I'm not going to grant the emergency relief because I don't see the [sic] because the injunction you prayed for is in place." Gonzalez remained silent thereafter, and the proceedings concluded.

We additionally note that Gonzalez's application fails to plead a "probable, imminent, and irreparable injury" as related to Vantage. Where the purpose of a temporary injunction is to preserve the status quo, and the relief from injury sought has already been actualized, there is no status quo to upset. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) ("A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits." (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993))). Gonzalez specifically claimed that the new temporary injunction was essential to avoid the injury of foreclosure; Gonzalez sought to "enjoin[] Defendant Vantage Bank Texas from conducting a foreclosure upon the subject property." No other injury was cited, and neither party disputes that the foreclosure has already occurred. Under such circumstances, the trial court would be

10

*Gili N Prop Investments, LLC*, 481 S.W.3d 336, 350 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("No temporary injunction may issue unless the applicant offers competent evidence in support of his or her application to the trial court at the hearing on the temporary injunction" (quoting *Brown*, 142 S.W.3d at 589–90)). Therefore, the trial court did not abuse its discretion in denying Gonzalez's application. *See Sargeant*, 512 S.W.3d at 409.

### IV.   CONCLUSION

Because the trial court's temporary injunction does not satisfy the requirements of rules 683 and 684, we conclude that it is void and dissolved. We reverse and remand for proceedings consistent with this memorandum opinion in appellate cause number 13-19-00265-CV.

Additionally, in appellate cause number 13-19-00371-CV, we dismiss as moot in part Gonzalez's appeal concerning the trial court's denial of his request for dissolution of its existing temporary injunction, and we affirm the trial court's denial of Gonzalez's request for a secondary temporary injunction

All pending motions before this Court in either cause are hereby denied.

GREGORY T. PERKES
Justice

Delivered and filed the
2nd day of April, 2020.

---

justified in denying a temporary injunction application. *See id.; Sargeant v. Al Saleh*, 512 S.W.3d 399, 409 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (combined appeal & orig. proceeding).