**Opinion issued April 30, 2026.**



In the

# Court of Appeals

for the

# First District of Texas

_____

## NO. 01-24-00780-CV

_____

**DAMARI DUARTE, Appellant**

**v.**

**AMIT THANDI, MD PA AND AMRIT THANDI, MD, INDIVIDUALLY,
Appellees**

---

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Case No. 2021-63494**

---

## MEMORANDUM OPINION

This is an accelerated appeal from the trial court's interlocutory orders denying appellant Damari Duarte's motions to terminate a portion of a temporary injunction in favor of appellees Amrit Thandi and Amit Thandi, MD PA (collectively, Thandi). That temporary injunction, among other things, enforces the

parties' non-compete covenant and enjoins Duarte from working as a nurse practitioner within 20 miles of the original location of the family-medicine practice, located at 14629 Beechnut St., Houston, Texas 77083 (the Beechnut Practice), that she sold to Thandi. In her sole issue, Duarte contends that the trial court erred by failing to dissolve the injunction against competition after the non-compete covenant's three-year period expired. We sustain Duarte's sole issue, reverse the trial court's orders denying the motions to dissolve the temporary injunction, and render judgment that the portion of the temporary injunction prohibiting Duarte from working as a nurse practitioner within 20 miles of the original location of the Beechnut Practice is dissolved.

## Background

This appeal arises from the same underlying lawsuit as a prior interlocutory appeal in which this Court affirmed the trial court's amended order granting a temporary injunction in favor of Thandi. *See Rodriguez v. Amit Thandi, MD PA*, No. 01-23-00482-CV, 2024 WL 2061605, at *1, *10 (Tex. App.—Houston [1st Dist.] May 9, 2024, no pet.) (mem. op.). The factual background of the parties' dispute is further detailed in our prior opinion, but we repeat any facts that are relevant to this appeal.[1] *Id.* at *1-8.

---

[1] In the prior appeal, we referred to Duarte as Rodriguez, which was her surname at the time.

On April 17, 2021, Duarte sold her family-medicine practice (the Beechnut Practice) to Thandi. Two days later, the parties signed an employment agreement under which Duarte agreed to work for Thandi for at least one month after the sale and thereafter as needed.[2] That employment agreement includes a non-compete covenant, which reads:

> **4.5. Covenant against Competition:-**On Termination of this agreement/Employment The contractor shall not practice medicine or seek employment within 20 Miles of this practice location 14629 Beechnut st, Houston, Texas 77083 for a period of 3 Years from the date of termination of contract/employment[.][3]

Duarte stopped working for Thandi on June 30, 2021. On September 30, 2021, Thandi sued Duarte for breach of contract, fraud, and misrepresentation, and sought a temporary injunction and restraining order to enjoin Duarte from contacting and soliciting former Beechnut Practice patients and from providing medical services within a 20-mile radius of the Beechnut Practice in violation of the non-compete covenant. On May 14, 2022, following an evidentiary hearing, the trial court entered an order granting Thandi's application for a temporary injunction, which it subsequently amended on June 5, 2023. As amended, the temporary injunction order (1) enjoined Duarte from "working as a nurse practitioner at any practice location

---

[2]     Duarte contends that this employment agreement is "illegal and was procured by fraud" but, for purposes of this appeal, she does not challenge the employment agreement's enforceability.

[3]     Except where an alteration is noted, the text is transcribed as it appears in the parties' agreement.

within a twenty (20) mile radius from 14629 Beechnut St., Houston, Texas 77083";
(2) enjoined Duarte from "blocking the transfer of the full and complete practice
fusion database used"; and (3) ordered Duarte to "comply with the terms of the
parties['] sales agreement and refrain from interfering with the full and complete
transfer of practice fusion database." The temporary injunction order further stated:
"THIS INJUNCTION SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL
FURTHER ORDER OF THE COURT." Duarte appealed from the trial court's
amended order granting a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE
§ 51.014(a)(4) (permitting appeal from interlocutory order granting temporary
injunction). We affirmed the trial court's amended order. *Rodriguez*, 2024 WL
2061605, at *10.

On September 9, 2024, after we issued our prior opinion and judgment, Duarte
filed in the trial court a motion requesting that the trial court modify its temporary
injunction order to end the "no-compete injunction." In that motion, Duarte
contended that the three-year period of the non-compete covenant expired on June
30, 2024, three years after Duarte stopped working for Thandi. Because the three-
year period had expired, Duarte argued that the trial court should terminate the
portion of the temporary injunction that enjoined Duarte from working as a nurse
practitioner within 20 miles of the Beechnut Practice. On September 23, 2024, the
trial court denied Duarte's motion.

4

Two days later, Duarte filed a "Motion to Reconsider this Court's Denial of Motion to Terminate No-Compete Injunction." Duarte again argued that the three-year period of the non-compete covenant had expired and also argued that the indefinite term of the temporary injunction "unlawfully extends the no-compete covenant for an indeterminable length of time." On October 10, 2024, the trial court denied this second motion.

The following day, October 11, 2024, Duarte filed a notice of appeal. In that notice, Duarte stated that she desired to appeal from the trial court's orders on September 23 and October 10, 2024. We construe both orders as orders overruling motions to dissolve a temporary injunction.[4] Duarte filed the notice of appeal within 20 days of both orders, and we have jurisdiction over this appeal. TEX. R. APP. P. 26.1(b); *see* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4) (permitting appeal from interlocutory order overruling motion to dissolve temporary injunction); *Conlin v.*

---

[4] In both the September 9 and September 25, 2024 motions, Duarte sought dissolution of the temporary injunction to the extent it enjoined her from practicing within 20 miles of the Beechnut Practice. Although the latter motion was styled as a motion to "reconsider," in that motion, Duarte raised a new argument, and so, we construe her motion as a second motion to dissolve the temporary injunction. *See Conlin v. Haun*, 419 S.W.3d 682, 685 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (permitting party to appeal from successive interlocutory orders denying motion to dissolve injunction); *Cellular Mktg., Inc. v. Houston Cellular Tel. Co.*, 784 S.W.2d 734, 735 (Tex. App.—Houston [14th Dist.] 1990, no writ) (construing "motion to set aside" as motion to dissolve temporary injunction); *Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 833-34 (Tex. App.—Austin 1984, no writ) (construing order denying motion to "Set Aside" temporary restraining order as an order overruling motion to dissolve temporary injunction).

5

*Haun*, 419 S.W.3d 682, 685 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (holding that party may appeal from successive interlocutory orders denying motion to dissolve injunction); *see also Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 689 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding that party may appeal from interlocutory orders modifying injunction).

## Temporary Injunction

In her sole issue, Duarte contends that the trial court abused its discretion by failing to dissolve the portion of the temporary injunction that enjoined Duarte from working as a nurse practitioner within 20 miles of the Beechnut Practice. Duarte argues the temporary injunction impermissibly lacks any limitation as to time on its prohibition against competition. She also argues that the temporary injunction impermissibly extends past the non-compete covenant's expiration of June 30, 2024. In response, Thandi argues that the non-compete covenant's three-year term cannot start until Duarte transfers to Thandi the patient lists for the Beechnut Practice, a condition that Thandi contends has not occurred. She also argues that the temporary injunction preserves the status quo and that whether the non-compete covenant has expired is "irrelevant."

### A.     Standard of Review

We review an order granting or denying a motion to dissolve a temporary injunction for abuse of discretion. *Stewart Beach Condo. Homeowners Ass'n, Inc. v.*

*Gili N Prop Invs., LLC*, 481 S.W.3d 336, 342-43 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Conlin*, 419 S.W.3d at 686). A trial court abuses its discretion only if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Intercontinental Terminals Co. v. Vopak N. Am., Inc.*, 354 S.W.3d 887, 892 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010)). Our review is limited to the narrow question of whether the trial court abused its discretion in denying the motion to dissolve, not in initially granting the temporary injunction. *Conlin*, 419 S.W.3d at 686 (citing *Cellular Mktg.*, 784 S.W.2d at 735). When determining whether to grant or deny a motion to dissolve, a trial court has no obligation to reconsider the initial grant of the temporary injunction in the absence of fundamental error or changed conditions. *Cellular Mktg.*, 784 S.W.2d at 735; *Lee v. Park*, ___ S.W.3d ___, No. 01-24-00627-CV, 2026 WL 663235, at *2 (Tex. App.—Houston [1st Dist.] Mar. 10, 2026, no pet. h.) (noting that "party seeking dissolution must typically show changed circumstances" (citation modified)); *see Kassim v. Carlisle Ints., Inc.*, 308 S.W.3d 537, 540 (Tex. App.—Dallas 2010, no pet.) ("Thus, a trial court generally has no duty to dissolve an injunction unless fundamental error has occurred or conditions have changed."); *Chase Manhattan Bank v. Bowles*, 52 S.W.3d 871, 878-79 (Tex. App.—Waco 2001, no pet.) ("Changed circumstances, including a change in the law,

and the fact that a fundamental error may have been made by the trial court in issuing the injunction, are grounds to dissolve an injunction."). If relevant circumstances have changed, we determine whether the trial court abused its discretion when ruling upon the motion. *Schuring v. Fosters Mill Vill. Cmty. Ass'n*, 396 S.W.3d 73, 76 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

## B.      Analysis

Under Texas law, non-compete covenants must be reasonably limited "as to time, geographical area, and scope of activity." TEX. BUS. & COM. CODE § 15.50(a); *see Parker v. Schlumberger Tech. Corp.*, 475 S.W.3d 914, 928 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (reviewing injunction restraining competition for abuse of discretion by reference to section 15.50 of Texas Business and Commerce Code). A non-compete covenant not reasonably limited as to time, area, or scope is unenforceable. *Parker*, 475 S.W.3d at 928. An injunction enforcing a non-compete covenant must likewise be reasonably limited as to time, area, and scope or else the trial court abuses its discretion. *See id.* at 928-29 (holding that trial court abused its discretion by entering temporary injunction without any limitation as to time); *Cooper Valves, LLC v. ValvTechnologies, Inc.*, 531 S.W.3d 254, 263 (Tex. App.— Houston [14th Dist.] 2017, no pet.) (holding that trial court abused its discretion when it enjoined competitive activity after non-compete covenant expired). "Texas

law does not permit a trial court to enter an open-ended injunction against competition." *Parker*, 475 S.W.3d at 928.

The temporary injunction order at issue prohibits Duarte from working as a nurse practitioner within 20 miles of the original location of the Beechnut Practice "UNTIL FURTHER ORDER OF THE COURT." The temporary injunction order does not include any definite limitation as to time. However, in the instant case, we are not concerned with whether a non-compete covenant of unlimited duration is reasonable. *See Oliver v. Rogers*, 976 S.W.2d 792, 800-01 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (noting circumstances in which non-compete covenant lacking temporal limitation may be reasonable). Here, the parties' non-compete covenant states that it expires three years after termination of the employment agreement or Duarte's employment, and the temporary injunction's indefinite duration exceeds the scope of that covenant. *See Stone v. Griffin Commc'ns & Sec. Sys., Inc.*, 53 S.W.3d 687, 694-95 (Tex. App.—Tyler 2001, no pet.) (holding temporary injunction was overbroad where it placed "additional restrictions on Appellants that were not set forth in the covenant not to compete"), *overruled on other grounds by Am. Fracmaster, Ltd. v. Richardson*, 71 S.W.3d 381 (Tex. App.—Tyler 2001, pet. granted, judgm't vacated w.r.m.); *see also Webb v. Glenbrook Owners Ass'n, Inc.*, 298 S.W.3d 374, 384-85 (Tex. App.—Dallas 2009, no pet.) (holding that trial court abused its discretion when it granted permanent injunction

9

that exceeded scope of restrictive covenant).[5] The fact that the temporary injunction will expire upon final judgment does not cure the order's overbreadth. *See Parker*, 475 S.W.3d at 928-29 (holding that temporary injunction indefinite as to time was abuse of discretion even though temporary injunctions expire upon entry of final judgment).

However, on appeal from an order overruling a motion to dissolve a temporary injunction, we review whether the trial court abused its discretion in overruling the motion, not whether the trial court abused its discretion in granting the temporary injunction. *Conlin*, 419 S.W.3d at 686 (citing *Cellular Mktg.*, 784 S.W.2d at 735). Absent fundamental error or changed conditions, a trial court does not abuse its discretion in overruling a motion to dissolve. *Cellular Mktg.*, 784 S.W.2d at 735; *Kassim*, 308 S.W.3d at 540 ("Thus, a trial court generally has no duty to dissolve an injunction unless fundamental error has occurred or conditions have changed."). Changed circumstances are conditions that alter the status quo after entry of the temporary injunction. *See Sonwalkar v. St. Luke's Sugar Land P'ship*, 394 S.W.3d

---

[5] Without citation to any authority, Thandi contends that whether the non-compete covenant has expired is "irrelevant" because of "the expansion of the non-compete" by the terms of the temporary injunction order. Thandi further contends that the order includes "additional restrictions that were not contemplated nor addressed by the parties in the signed no compete agreement." Thandi references no authority that permits an injunction against competition that exceeds the scope of the parties' agreement. We did not find any authority supporting Thandi's proposition. Instead, as noted above, we found authority contrary to it.

186, 195-96 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (holding that notice of capital call threatening termination of partnership interests was change of circumstances that justified granting of new temporary injunction); *BS&B Safety Sys., Inc. v. Fritts*, No. 01-98-00957-CV, 1999 WL 447605, at \*2 (Tex. App.—Houston [1st Dist.] June 17, 1999, no pet.) (not designated for publication) (holding that change in trial date was change of circumstances justifying modification of temporary injunction).

Since the entry of the temporary injunction order, the non-compete covenant's three-year period has expired. Duarte contends that the non-compete covenant expired on June 30, 2024, three years after Duarte stopped working for Thandi. Thandi does not contest that fact on appeal, and we accept it as true. *See* TEX. R. APP. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them."). Instead, Thandi argues that the covenant's three-year period does not start until Duarte transfers to Thandi the patient lists for the Beechnut Practice, a condition that Thandi contends has not occurred. That condition appears nowhere in the parties' non-compete covenant. The covenant's three-year period begins to run "[o]n Termination of this agreement/Employment." Duarte's employment terminated on June 30, 2021, and the three-year period began on that date. Additionally, when the trial court issued the amended temporary injunction, trial was set for July 17, 2023, nearly one year before the non-compete covenant

expired. The case was not tried on that date, and the temporary injunction has continued. The expiration of the covenant's three-year period is a change of circumstances that justifies dissolution of the temporary injunction order's prohibition against competition. *Cf. Conlin*, 419 S.W.3d at 684, 685-87 (on appeal from order denying motion to dissolve temporary injunction, noting appellant's argument that non-compete had expired, not reaching issue, and reversing order overruling motion to dissolve on grounds that temporary injunction did not comply with rule 683 of Texas Rules of Civil Procedure).

Because the temporary injunction remains in force until final judgment or further order of the trial court without regard to whether the non-compete covenant has expired, the temporary injunction operates as an "open-ended injunction against competition" without limitation as to time. *Parker*, 475 S.W.3d at 928; *see Cooper Valves*, 531 S.W.3d at 263, 267 (reversing portion of temporary injunction against competition where non-compete covenant had expired). Accordingly, the trial court abused its discretion by overruling Duarte's motion to dissolve the portion of the injunction that enforced the covenant. *See Chase Manhattan Bank*, 52 S.W.3d at 879-81 (holding that trial court abused its discretion in denying motion to terminate injunction where changed circumstances no longer justified injunction prohibiting foreclosure of property); *Parker*, 475 S.W.3d at 929 (holding that trial court erred in entering temporary injunction enforcing non-compete covenant without providing

for reasonable limitation as to time). Furthermore, the temporary injunction order does not include any findings from which we can imply that the non-compete period should be extended. *See Parker*, 475 S.W.3d at 928 (rejecting argument that non-compete period was tolled where temporary injunction order did not include any findings related to tolling).

Lastly, we reject Thandi's argument that reaching this issue and reversing the trial court's orders on that basis "would be making an advance ruling on the merits of the underlying lawsuit." In reaching our conclusion today, we hold only that the trial court abused its discretion when it denied Duarte's motions to dissolve the injunction against competition after the non-compete covenant had expired and without any findings that would justify tolling the covenant's three-year period. *See Bienati v. Cloister Holdings, LLC*, 691 S.W.3d 493, 499 (Tex. 2024) ("[A]n appellate decision as to the propriety of a temporary injunction is not advisory, even if it involves a question of law that implicates the merits of the claims presented.").

We sustain Duarte's sole issue.

## Conclusion

We reverse the trial court's September 23, 2024 order denying Duarte's motion to modify the temporary injunction and October 10, 2024 order denying Duarte's motion for reconsideration of the trial court's denial of her motion to terminate. We render judgment that the portion of the temporary injunction enjoining

13

Duarte from working as a nurse practitioner within 20 miles of the original location of the Beechnut Practice is dissolved.

 

 

                                                    Amparo "Amy" Guerra
                                                    Justice

 

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.